113 S.W.3d 365 (2003)
In the Interest of K.N.R., a Minor Child.
No. 02-0442.
Supreme Court of Texas.
July 3, 2003.
Rehearing Denied August 21, 2003.
Greg Abbott, Attorney General of Texas, Howard G. Baldwin, First Assistant Attorney General of Texas, Jeffrey S. Boyd, Philip A. Lionberger, Barry Ross McBee, Rafael Edward Cruz, Office of the Attorney General of Texas, Julie Caruthers Parsley, Office of the Solicitor General of Texas, Joseph David Hughes, Assistant Solicitor General, Austin, Charles E. Rice, Department of Protective and Regulatory, Abilene, Jim B. Simpson, Erin K. Lamb, Johnson County Attorney's Office, Cleburne, for petitioner.
Guy Keith Rodgers, Law Office of Guy K. Rodgers, Cleburne, Jeffrey Warren Cochran, Law Office of J. Greg Coontz, Burleson, Ted O. Christopher, Joshua, Tim Altaras, Cleburne, for respondent.

Opinion
PER CURIAM.
The Texas Department of Protective and Regulatory Services brought this suit to terminate the parental rights of Cherise Jones to her child, K.N.R. The case went to trial before a jury. The charge instructed the jury that the parent-child relationship could be terminated if it was *366 proven by clear and convincing evidence that (1) at least one of five grounds for termination occurred, and (2) termination would be in the best interest of the child. The sole question submitted to the jury was whether the parent-child relationship between Jones and K.N.R. should be terminated. There was no objection to the form of the charge. On appeal, Jones raised charge error for the first time. Specifically, she argued that the broad-form submission of alternate theories of termination violated a constitutional right to have ten jurors agree on each predicate ground of termination.
A divided court of appeals reversed the trial court judgment and remanded. ___ S.W.3d ___,___. Relying on its opinion in In re B.L.D., 56 S.W.3d 203 (Tex.App.-Waco 2001, pet. granted), the court held that "the trial court erred in submitting a broad form question to the jury without proper instructions assuring ten or more jurors agreed on the same statutory ground for termination and the same ten also agreed termination was in the best interest of K.N.R." ___ S.W.3d at ___.
Today, in In re B.L.D., 113 S.W.3d 340 (Tex.2003), we hold that our law on preservation of error does not permit, and due process does not require, a court of appeals to review an unpreserved complaint of charge error in parental rights termination cases. Because Jones did not object in the trial court to the charge error of which she complains on appeal, the charge complaint was not preserved and our holding in B.L.D. controls. We hold that the court of appeals erred in reviewing the unpreserved complaint regarding the broad-form submission of the jury verdict.
Therefore, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment, and remand to that court for further proceedings consistent with this opinion. Tex.R.App. P. 59.1.