**In the Interest of K.N.R., a Child.**

**No. 10–01–00300–CV.**

Court of Appeals of Texas,
Waco.

April 14, 2004.

———

Guy K. Rodgers, Cleborne, for Appellant/Relator.

Charles E. Rice, Regional Attorney for TDPRS, Abilene, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

TOM GRAY, Chief Justice.

Cherise Lynn Jones appeals the jury verdict terminating her parental rights to K.N.R. Jones complains in three issues: (1) she was denied due process as a result of the disjunctive grounds submitted to the jury in a broad form question in the charge of the court; (2) the evidence was legally insufficient to support the jury's verdict; and (3) the evidence was factually insufficient to support the jury's verdict.

Originally, a majority of this court sustained Jones's first issue and reversed the trial court's judgment. *In the Interest of K.N.R.*, No. 10–01–300–CV (Tex.App.-Waco April 24, 2002) (per curiam) (not

7. *Ex parte Thomas*, 906 S.W.2d 22, 24 (Tex. Crim.App.1995).

designated for publication). Jones had not objected to the charge before the trial court. On review, the Supreme Court reversed the majority because the law on preservation of error does not authorize, and due process does not require, a court of appeals to review an unpreserved complaint of charge error in parental rights termination cases. *In the Interest of K.N.R.*, 113 S.W.3d 365, 366 (Tex.2003).

On remand, we will now review Jones's remaining two issues, that the evidence was legally and factually insufficient to support the verdict. We affirm the trial court's judgment.

### LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

■ In her second and third issues, Jones contends that the evidence is legally and factually insufficient to support the jury's verdict terminating her parental rights to K.N.R. Specifically, Jones argues that the evidence is legally and factually insufficient to support four of the five predicate acts alleged by the State. *See* TEX. FAM.CODE ANN. § 161.001(1)(D), (E), (F), (O), & (R) (Vernon 2002).

■ Termination of parental rights requires an application of a two prong test. *Swate v. Swate*, 72 S.W.3d 763, 766 (Tex. App.-Waco 2002, pet. denied); *see also In the Interest of J.M.T.*, 39 S.W.3d 234, 237 (Tex.App.-Waco 1999, no pet.). First, the petitioner must prove one or more acts or omissions enumerated under the first subsection of the statute (predicate acts); and second, the petitioner must prove that termination of the parent-child relationship is in the best interest of the child. *J.M.T.*, 39 S.W.3d at 237; *see also* TEX. FAM.CODE ANN. § 161.001(1) & (2) (Vernon 2002). Each prong must be proved by the petitioner by clear and convincing evidence. *J.M.T.*, 39 S.W.3d at 237; *see also* TEX. FAM.CODE ANN. § 161.001 (Vernon 2002).

Here, upon a broad form submission alleging five different predicate acts to satisfy the first prong, the jury found that the parent-child relationship between Jones and K.N.R. should be terminated. As indicated above, Jones challenges the sufficiency of the evidence to establish four of these predicate acts. Jones does not contest the sufficiency of the evidence regarding the fifth predicate act pled or as to whether termination was in the best interest of K.N.R. *See* TEX. FAM.CODE ANN. § 161.001(1)(R) & (2) (Vernon 2002).

Because Jones has not contested the sufficiency of the evidence of these two allegations, the fifth predicate act and the best interest of K.N.R., the judgment is supported by unchallenged grounds on both prongs necessary for termination. *See In the Interest of C.N.S.*, 105 S.W.3d 104, 105 (Tex.App.-Waco 2003, no pet.); *Green v. Texas Dept. of Protective and Regulatory Services*, 25 S.W.3d 213, 219 (Tex.App.-El Paso 2000, no pet.). Jones's second and third issues are overruled. Therefore, the trial court's judgment is affirmed.