IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00293-CV

 

In the
Interest of C.T.S., a Child

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 04-000690-CV-361

 



MEMORANDUM  Opinion



 








          Following a bench trial, the court
rendered judgment terminating the parent-child relationship between Deanna
Robbins and her son C.T.S.  Robbins contends in her sole point that there is no
evidence or factually insufficient evidence to prove any of the acts or
omissions found to be a basis for termination of her parental rights.  We will
affirm.

Background

          In response to a child abuse report, Child
Protective Services investigator Anthony Rosso and a sheriff’s deputy went to
the trailer house where Robbins lived with her two-year-old son C.T.S. and her
boyfriend Aaron Black.  Black’s stepmother told Rosso that Robbins had moved
out two weeks before.  However, the deputy found Robbins and C.T.S. hiding in a
closet.  Rosso observed that C.T.S. “had three knots on his forehead, dried up
blood on his lips, a busted lip, and swollen nose.”  On further examination,
Rosso observed bruises and other abrasions on virtually every part of C.T.S.’s
body.  Robbins told Rosso that she spanked C.T.S. but that he received most of
his bruises from various accidents around the home.  Rosso took C.T.S. to a
local hospital for further treatment and evaluation.

          John Pollock, an investigator with the
sheriff’s department, was summoned to the scene.  Pollock photographed the
numerous bruises and abrasions on C.T.S.’s body.  He interviewed Black.  Black
stated that he had “backhanded” C.T.S. in the mouth and “whipped him with a
belt.”  Pollock arrested Black the next day for injury to a child.  Pollock
also talked with Robbins, who told him that C.T.S. was a difficult child. 
Robbins told Pollock that she would put C.T.S. in a corner and leave the room
while Black disciplined him.  She said that she had done this the day before
and that she noticed swelling and redness on C.T.S.’s face when she came back
inside.  Robbins said that she did not like to spank C.T.S. and that she
generally allowed Black to handle discipline as they had done on the previous
day.  In a second interview later that day, Robbins admitted that she had seen
Black “backhand [C.T.S.] in the mouth or face” the day before.  Robbins also
admitted that Black and she smoked marihuana in C.T.S.’s presence.

          Pollock later obtained an arrest
warrant and arrested Robbins for injury to a child.  After being given her
statutory warnings, Robbins agreed to talk with Pollock about the charges.  She
admitted that C.T.S. was not injured in household accidents as she had said
before.  Robbins stated that she had spanked C.T.S. on two occasions with a
belt with raised metal triangles, which Pollock recovered during a search of
her home.  Pollock also found a mini blind rod and a dog collar with raised
metal dots.  Robbins stated that Black had hit C.T.S. with these objects. 
Pollock testified that some of the bruises and abrasions he observed on C.T.S.
appeared to have been caused by these objects.  Robbins told Pollock that
C.T.S. “was very difficult” and Black “had been disciplining” him “quite a
bit.”

          A jury convicted Robbins of injury to
a child, and the court sentenced her to ten years’ imprisonment.  At the time
of the trial for termination of Robbins’s parental rights, an appeal of that
conviction was pending.[1]

          When Robbins testified, she asserted
her Fifth Amendment rights in response to many of the State’s questions.  She
did concede, however, that Black’s discipline of C.T.S. was “excessive.”  She
testified that at some point she had tried to leave this environment by calling
her sister and asking for a ride to an abuse shelter.  For reasons which
Robbins did not elaborate on however, her sister never came and got them.

          The court found that Robbins engaged
in the following acts and omissions to support the termination decree:

·                   
knowingly placed or
knowingly allowed the child to remain in conditions or surroundings which
endangered the physical or emotional well-being of the child;

 

·                   
engaged in conduct or
knowingly placed the child with persons who engaged in conduct which endangered
the physical or emotional well-being of the child; and

 

·                   
was convicted for being
criminally responsible for the death or serious injury of a child under section
22.04 of the Penal Code for conduct that caused the death or serious injury of
a child.

 

See
Tex. Fam. Code Ann. §
161.001(1)(D), (E), (L) (Vernon Supp. 2005).

 

 

Standard of Review

          A no-evidence issue in a termination
appeal will be sustained if, after “look[ing] at all the evidence in the light
most favorable to the [verdict],” an appellate “court determines that no
reasonable factfinder could form a firm belief or conviction that the matter
that must be proven is true.”  In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002).

          When an appellate court evaluates a
factual insufficiency complaint in a termination case, the court must consider
the evidence supporting the verdict and the evidence contrary to the verdict
and determine whether the “disputed evidence is such that a reasonable factfinder
could not have resolved that disputed evidence in favor of its [verdict].”  See
id.

Application

          Robbins contends in her sole point
that there is no evidence or factually insufficient evidence to prove any of
the three acts and omissions found to be a basis for termination of her parental
rights.[2] 
We will affirm if there is sufficient evidence to support any one of these
three grounds for termination.  See In re K.N.R., 137 S.W.3d 675, 676 (Tex. App.—Waco 2004, no pet.); In re J.T.G., 121 S.W.3d 117, 128 (Tex. App.—Fort
Worth 2003, no pet.); Green v. Tex. Dep’t of Protective & Regulatory
Servs., 25 S.W.3d 213, 219-20 (Tex. App.—El Paso 2000, no pet.).

          Robbins herself characterized Black’s
“discipline” of C.T.S. as “excessive.”  Nevertheless, she relied on Black to
discipline C.T.S. because C.T.S. “was very difficult,” and Black “had been
disciplining” him “quite a bit.”  Robbins did not remove C.T.S. from this
abusive environment.  The photographs offered by the State clearly depict the
extent and severity of the injuries suffered by C.T.S.

          From this evidence, we hold that a “reasonable
factfinder could form a firm belief or conviction” that Robbins knowingly
placed or allowed C.T.S. to remain in dangerous conditions or surroundings and
that Robbins engaged in conduct or knowingly placed C.T.S. with someone who
engaged in conduct which endangered C.T.S.  See Tex. Fam. Code Ann. § 161.001(1)(D), (E); In re J.M.M.,
80 S.W.3d 232, 242-42 (Tex. App.—Fort Worth 2002, pet. denied); In re J.M.C.A.,
31 S.W.3d 692, 698-99 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

          The only controverting evidence
Robbins offered was her testimony that she called her sister and asked for a
ride to an abuse shelter.  Notwithstanding this testimony however, we cannot
say that the “disputed evidence is such that a reasonable factfinder could not
have resolved that disputed evidence in favor of” terminating Robbins’s
parental rights.  See Tex. Fam.
Code Ann. § 161.001(1)(D), (E); J.M.M., 80 S.W.3d at 242-42; J.M.C.A.,
31 S.W.3d at 698-99.  Thus, the evidence is factually sufficient.  See
J.F.C., 96 S.W.3d at 266.

          Because we have concluded that the
evidence is sufficient to support two of the three grounds found by the trial
court to support termination of Robbins’s parental rights, we need not address
the sufficiency of the evidence to support the remaining ground for
termination.  See K.N.R., 137 S.W.3d at 676; J.T.G., 121 S.W.3d at
128; Green, 25 S.W.3d at 219-20.




          Accordingly, we overrule Robbins’s sole
point and affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the result without a separate opinion.)

Affirmed

Opinion delivered and
filed February 8, 2006

[CV06]









[1]
          Robbins’s conviction and
sentence have been affirmed by this Court in an opinion issued on the same date
as this opinion.  See Robbins v. State, No. 10-04-357-CR (Tex. App.—Waco Feb. 8, 2006, no pet. h.) (not designated for publication).





[2]
          Robbins does not challenge the
court’s finding that termination is in C.T.S.’s best interest.