Opinion issued January 8, 2009



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00052-CV




C.Y. FLETCHER, Appellant

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Cause No. 99-CV-111198




O P I N I O N

          Appellant, C.Y. Fletcher, brings this accelerated appeal to challenge a
judgment that (1) involuntarily terminated his parental rights to his minor daughter,
T.W., and (2) awarded managing conservatorship of T.W. to appellee, the Department
of Family and Protective Services (DFPS).


 In two issues on appeal, appellant
contends that the evidence is legally and factually insufficient to support the trial
court’s judgment. We affirm.
Background
          Appellant is the biological father of T.W., whom he has never seen. Appellant
was incarcerated when T.W. was born and has been incarcerated for all but about 45
days of her life. T.W. was six years old when appellant’s parental rights were
terminated. DFPS brought this case to terminate the parental rights of T.W.’s mother,
Janet W., to T.W. and to five of her siblings, as well as the parental rights of the
fathers of those minor children, including appellant.


 
          Appellant was incarcerated during trial, while serving an 18-month sentence
for the state-jail felony offense of burglary of a building, but participated in the trial
and in two postjudgment proceedings. The first hearing addressed his indigence and
request for appointed appellate counsel; the second hearing considered his motion for
new trial. The final order of termination appointed DFPS permanent managing
conservator of T.W. and the remaining siblings whose parental relationships were
terminated in the same trial. 
          Appellant was represented by appointed counsel throughout the trial and the
postjudgment period, including the hearing on appellant’s motion for new trial. The
order of termination expressly required that appointed trial counsel’s duty to represent
appellant continued until 30 days after the decree of termination. The trial court then
appointed new counsel to represent appellant on appeal. This Court granted appellant
an extension of time to file the notice of appeal presented by counsel appointed for
appeal. 
Involuntary Termination
          Pursuant to section 161.001(2) of the Family Code, involuntary termination of
a parent’s rights to a child must be in “the best interest of the child,” as established
by clear and convincing evidence. Tex. Fam. Code Ann. § 161.001(2) (Vernon
Supp. 2008). In addition, the statute requires clear and convincing evidence of one
of the acts or omissions stated in section 161.001(1)(A)–(T). Id. § 161.001(1)(A)–(T)
(Vernon Supp. 2008); Richardson v. Green, 677 S.W.2d 497, 499 (Tex. 1984); see
also In re A.V., 113 S.W.3d 355, 362 (Tex. 2003) (“Only one predicate finding under
section 161.001(1) is necessary to support a judgment of termination when there is
also a finding that termination is in the child’s best interest.”). Clear and convincing
evidence is required for both section 161.001(1) and section 161.001(2). See Tex.
Dep’t of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987) (holding that
parental rights may not be terminated based solely on best interest of child); Perez v.
Tex. Dep’t of Protective & Regulatory Servs., 148 S.W.3d 427, 432 (Tex. App.—El
Paso 2004, no pet.); see also In the Interest of K.N.R., 137 S.W.3d 675, 676 (Tex.
App.—Waco 2004, no pet.) (“Termination of parental rights requires application of
a two prong test.”). Due process compels the clear and convincing standard in cases
seeking involuntary termination of a parent’s rights. In the Interest of J.F.C., 96
S.W.3d 256, 263 (Tex. 2002). 
A.      DFPS Pleadings in Support of Termination
          DPFS sought to terminate appellant’s rights to T.W. involuntarily, as
authorized by section 161.001 of the Family Code, based on allegations that
termination was in T.W.’s best interest, see Tex. Fam. Code Ann. § 161.001(2), and
that appellant had “committed one or more of the following acts or omissions” stated
as grounds in Family Code section 161.001(1) (emphasis added):
knowingly placed or knowingly allowed [T.W.] to remain in conditions
or surroundings which endanger the physical or emotional well-being of
[T.W.];
 
engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional
well-being of [T.W.]
 
failed to support [T.W.] in accordance with [appellant’s] ability during
a period of one year ending within six months of the date of the filing of
the petition;
 
constructively abandoned [T.W. while she was] in the permanent or
temporary managing conservatorship of the Department of [Family and]
Protective Services or an authorized agency for not less than six months,
and: (1) the department or authorized agency . . . made reasonable
efforts to return the child to [appellant]; (2) [appellant had] not regularly
visited or maintained significant contact with [T.W.]; and (3)
[appellant] . . . demonstrated an inability to provide the child with a safe
environment;
 
failed to comply with the provisions of a court order that specifically
established the actions necessary for [appellant] to obtain the return of
[T.W.] who ha[d] been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services for
not less than nine months as a result of the child’s removal from the
[appellant] under Chapter 262 for the abuse or neglect of the child. 

These allegations tracked sections 161.001(1)(D), (E), (F), (N), and (O) of the Family
Code. See Tex. Fam. Code Ann. § 161.001(1)(D)–(F), (N)–(O).


 
B.      Trial Court’s Oral Pronouncement and Order of Termination 
          At the conclusion of trial, the trial court announced its ruling regarding
appellant, as follows:
As it relate[s] to [appellant’s] termination of his parental rights, I
find by clear and convincing evidence grounds for termination of his
parental rights to [T.W.], as reflected in the order are true except for the
grounds of executing an irrevocable affidavit of relinquishment of
parental rights[,] which I have stricken from the order. Also find by clear
and convincing evidence that termination of his parental rights of [T.W.]
are [sic] in the best interest of [T.W.] 
 
          The signed order to which the trial court referred in its ruling from the bench is
the final order of termination that appellant challenges here. This order recites that
termination of the parent-child relationship between appellant and T.W. “is in the
child’s best interest,” as required by section 161.001(2). See Tex. Fam. Code Ann.
§ 161.001(2).
          Regarding the finding required by section 161.001(1), the trial court’s order
determined that appellant “committed one or more” of the following acts or omissions,
as alleged by DFPS (emphasis added): 
knowingly placed or knowingly allowed [T.W.] to remain in conditions
or surroundings which endanger the physical or emotional well-being of
[T.W.];
 
engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional
well-being of [T.W.];
 
failed to support [T.W.] in accordance with [appellant’s] ability during
a period of one year ending within six months of the date of the filing of
the petition;
 
constructively abandoned [T.W. while she was] in the permanent or
temporary managing conservatorship of the Department of [Family and]
Protective Services or an authorized agency for not less than six months,
and: (1) the department or authorized agency . . . made reasonable efforts
to return the child to [appellant]; (2) [appellant had] not regularly visited
or maintained significant contact with [T.W.]; and (3) [appellant] . . .
demonstrated an inability to provide the child with a safe environment;
 
failed to comply with the provisions of a court order that specifically
established the actions necessary for [appellant] to obtain the return of
[T.W.] who ha[d] been in the permanent or temporary managing
conservatorship of the Department of Family and Protective Services for
not less than nine months as a result of the child’s removal from the
[appellant] under Chapter 262 for the abuse or neglect of the child. 
 
          The trial court thus determined that appellant committed or omitted either one
or more of the grounds in subsections (D), (E), (F), (N), and (O) of section 161.001(1),
as alleged by DFPS, and that termination of appellant’s parental rights to T.W. was in
her best interest. See Tex. Fam. Code Ann. § 161.001(1)(D)–(F), (N)–(O), (2). 
C.      Appellant’s Motion for New Trial and Hearing
          Appellant timely filed a motion for new trial to challenge the trial court’s final
order.


 Appellant filed the motion pro se, but the record reflects that counsel
appointed for trial presented arguments in support of the motion. Neither the written
motion nor the arguments on the motion challenged the trial court’s “best interest”
finding. Instead, the focus of the motion was on testimony by a single witness. 
According to appellant, that witness’s testimony negated two specific recitals in the
judgment. Appellant phrased his challenge as follows:
The [trial court] erred in terminating [appellant’s] rights based on:
. . . knowingly placed or knowingly allowed the children [sic] to remain
in conditions or surroundings which endanger the physical or emotional
well-being of the child;
 
. . . engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional
well-being of the child. 
 
Appellant’s motion for new trial thus challenged termination of his parental rights to
T.W. pursuant to subsections (D) and (E) of section 161.001(1) of the Family Code. 
See Fam. Code Ann. § 161.001(1)(D)–(E). 

D.      Appellant’s Notice of Appeal
          Appellant’s notice of appeal states his “desire[] to appeal from all portions of
the judgment” and that the appeal was to be accelerated. Appellant did not file a
“statement of the point or points on which [he] intend[ed] to appeal,” as required by
section 263.405(b)(2) of the Family Code.


 See Tex. Fam. Code Ann. §
263.405(b)(2) (Vernon Supp. 2008) (governing appeals from final orders placing
children in care of DFPS). 
Discussion
A.      Challenge to Section 161.001(2) Ruling—Best Interest
          Appellant’s two issues challenge the legal and factual sufficiency of the
evidence to support the trial court’s ruling that terminating appellant’s parental rights
to T.W. was in her best interest. These issues challenge the section 161.001(2), or
“best interest,” element required for involuntary termination. See Tex. Fam. Code
Ann. § 161.001(2). DFPS contends, and we agree, that appellant did not preserve his
issues for appeal because he did not file the statement of points required by section
263.405(b)(2) of the Family Code for appeals from final orders that terminate a
parent’s rights and place children in the care of DFPS. See Tex. Fam. Code Ann. 
§ 263.405(b)(2). 
          Section 263.405(b) of the Family Code requires that a party who “intends to
request a new trial or appeal the order” must file either a request for a new trial or, “if
an appeal is sought, a statement of the point or points on which the party intends to
appeal” not later than the fifteenth day after the date a final termination order is
signed. Tex. Fam. Code Ann. § 263.405(b)(1)–(2). Appellant did not comply with
the requirement to file a statement of points. 
          Appellant did, however, file a motion for new trial. In 2007, the Legislature
amended section 263.405(b) by adding new subsection (b–1). See Act of June 16,
2007, 80th Leg., R.S., ch. 526, § 3, 2007 Tex. Gen. Laws 929 (codified at Tex. Fam.
Code Ann. § 263.405(b–1) (Vernon Supp. 2008)). New subsection (b–1) permits the
statement required by section 263.405(b)(2) to “be combined with a motion for a new
trial.” Tex. Fam. Code Ann. § 263.405(b–1). As set forth above, however,
appellant’s motion for new trial challenged termination of his parental rights to T.W.
pursuant to subsections (D) and (E) of section 161.001(1) of the Family Code. See id.
§ 161.001(1)(D)–(E). The motion for new trial did not challenge the trial court’s
determination that termination of appellant’s parental rights to T.W. was in her best
interest. See id. § 161.001(2).
          Pursuant to subsection (I) of section 263.405, this Court may not
consider any issue that was not specifically presented to the trial court in
a timely filed statement of the points on which the party intends to appeal
or in a statement combined with a motion for new trial. For purposes of
this subsection, a claim that a judicial decision is contrary to the evidence
or that the evidence is factually or legally insufficient is not sufficiently
specific to preserve an issue for appeal. 
 
Id. § 263.405(I). The express terms of this statute thus preclude our considering
appellant’s issues challenging the legal or factual sufficiency of the evidence
supporting the trial court’s section 161.001(2) determination that termination of
appellant’s parental rights to T.W. was in her best interest. See Bermea v. Tex. Dep’t
of Family & Protective Servs., 265 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.]
2008, pet. denied) (citing Pool v. Tex. Dep’t of Family & Protective Servs., 227
S.W.3d 212, 215 (Tex. App.—Houston [1st Dist.] 2007, no pet.)) (holding that failure
to file statement of points or motion for new trial precluded appellate review of
challenges to sufficiency of evidence). 
B.      Challenge to Section 161.001(1) Determinations
          Appellant framed his two issues as challenges to the trial court’s “best interest”
findings, but appellant’s contentions in support of his issues can be construed as
encompassing subsidiary challenges to the trial court’s section 161.001(1)
determinations, specifically, determinations that the trial court may have made
pursuant to section 161.001(D), (E), (F), or (O) to support the section 161.001(1)
predicate finding. 
          Rule 38.1(f) of the Rules of Appellate Procedure requires that an appellant’s
brief “state concisely all issues or points presented for review.” Tex. R. App. P.
38.1(f). Rule 38.1(f) also compels that this Court treat the statement of an issue or
point “as covering every subsidiary question that is fairly included.” Id. Accordingly,
we address appellant’s subsidiary challenges to the trial court’s section 161.001(1)
determination. 
          1.       Challenge Limited to Section 161.001(1)(D) or (E) Determinations
          Though appellant did not file the statement of points required by section
263.405(b)(2), his motion for new trial challenged two possible section 161.001(1)
determinations. Specifically, appellant argued that the trial court’s determinations
based on section 161.001(D) and (E) were contrary to the evidence provided by a
witness. To the extent that the trial court based its ruling on either section 161.001(D)
or (E), we conclude that appellant satisfied the requirements of section 263.405(b) by
asserting those contentions in his motion for new trial, as authorized by new section
263.405(b–1). See Tex. Fam. Code Ann. § 263.405(b)(2), (b–1). Appellant did not
complain in the trial court, however, about any determinations possibly made by the
trial court based on section 161.001(F), (N), or (O). As with appellant’s section
161.001(2), or “best interest” challenge, appellant’s absence of complaint in the trial
court about section 161.001(F), (N), or (O) determinations that the trial court may
have made prevents our addressing any such challenges. See Tex. Fam. Code Ann.
§ 263.405(b)(1)–(2). 
 

          2.       But Section 161.001(1)(D) or (E) Challenges Barred by Unchallenged,
Alternative Determination
          We are also barred from addressing appellant’s challenges to the trial court’s
determinations premised on section 161.001(1)(D) and (E), but for a different reason. 
The record does not establish that the trial court terminated appellant’s right based on
either of these subsection of section 161.001(1). Regarding the predicate finding
required by section 161.001(1), the final order of termination specifies that clear and
convincing evidence supported termination of appellant’s parental rights to T.W.
because appellant committed or omitted either one or more of the grounds specified
in subsections (D), (E), (F), (N), and (O) of section 161.001(1). Because the trial court
did not specify which “one or more” section 161.001(1) determination or
determinations it made, the record establishes only that the trial court may have relied
on subsection (D) or subsection (E) of section 161.001(1) when it terminated
appellant’s parental rights to T.W. 
          As addressed above, we have construed appellant’s issues on appeal as
encompassing challenges to determinations that the trial court may have made
pursuant to section 161.001(D), (E), (F), or (O) to support the section 161.001(1)
predicate finding. Yet, the trial court did not specify whether it relied on only one of
section 161.001(1)’s possible predicate grounds or on all of them. Accordingly, the
trial court may have relied not only on subsections (D) and (E), but also on subsections
(F), (N), or (O) of section 161.001(1) when it terminated appellant’s parental rights to
T.W. Appellant’s challenges on appeal do not encompass a challenge to the trial
court’s having based its section 161.001(1) finding on subsection (N). 
          When, as here, an appellant does not challenge an independent ground that may,
under the record presented, support the judgment that appellant seeks to reverse, this
Court may not address either the challenged grounds or the unchallenged ground and
has no choice but to overrule the challenges that the appellant has chosen to assert. 
See Perez, 148 S.W.3d at 433–34; In the Interest of K.N.R., 137 S.W.3d at 676. Perez
and K.N.R, like this case, were appeals from final orders that involuntarily terminated
parental rights. The prohibition against addressing independent, unchallenged
grounds supporting a judgment is not limited to parental termination cases, but is a
well-settled principle that is rooted in the prohibition against addressing unassigned
error. See Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993) (“We have held
repeatedly that the courts of appeals may not reverse the judgment of a trial court for
a reason not raised in a point of error) (citing Vawter v. Garvey, 786 S.W.2d 263, 264
(Tex. 1990); San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 210 (Tex. 1990)). 
Conclusion
Having concluded that appellant did not preserve his section 161.001(2), or
“best interest” challenge and that we may not address his challenge to possible section
161.001(1) determinations by the trial court, we overrule appellant’s two issues. 
          We affirm the judgment of the trial court.

                              
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Nuchia.