**C.Y. FLETCHER, Appellant**

v.

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
Appellee.

**No. 01–08–00052–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 8, 2009.

Panel consists of Chief Justice RADACK and Justices HIGLEY and NUCHIA.*

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, C.Y. Fletcher, brings this accelerated appeal to challenge a judgment that (1) involuntarily terminated his parental rights to his minor daughter, T.W., and (2) awarded managing conservatorship of T.W. to appellee, the Department of Family and Protective Services (DFPS).[1] In two issues on appeal, appellant contends that the evidence is legally and factually insufficient to support the trial court's judgment. We affirm.

## Background

Appellant is the biological father of T.W., whom he has never seen. Appellant was incarcerated when T.W. was born and has been incarcerated for all but about 45 days of her life. T.W. was six years old when appellant's parental rights were terminated. DFPS brought this case to terminate the parental rights of T.W.'s mother, Janet W., to T.W. and to five of her siblings, as well as the parental rights of the fathers of those minor children, including appellant.[2]

Appellant was incarcerated during trial, while serving an 18–month sentence for the state-jail felony offense of burglary of a building, but participated in the trial and in two postjudgment proceedings. The first hearing addressed his indigence and request for appointed appellate counsel; the second hearing considered his motion

Brian M. Middleton, The Middleton Law Firm, PLLC, Houston, TX, for Appellant.

Rose Mary Schulze, Assistant County Attorney, Rosenberg, TX, Corinna Steele, Archie, Steele & Sutton, Richmond, TX, Duke Elton Hooten, Office of General Counsel, Michael Shulman, Austin, TX, for Appellee.

---

* Justice Sam Nuchia, who retired from the First Court of Appeals on January 1, 2009, continues to sit by assignment for the disposition of this case, which was submitted on November 18, 2008.

1. Appeals of judgments that involuntarily terminate parental rights cases are accelerated by statute. TEX. FAM.CODE ANN. § 109.002(a) (Vernon 2002), § 263.405(a) (Vernon Supp. 2008).

2. Janet W. has other, younger children. Appellant fathered only T.W.

for new trial. The final order of termination appointed DFPS permanent managing conservator of T.W. and the remaining siblings whose parental relationships were terminated in the same trial.

Appellant was represented by appointed counsel throughout the trial and the post-judgment period, including the hearing on appellant's motion for new trial. The order of termination expressly required that appointed trial counsel's duty to represent appellant continued until 30 days after the decree of termination. The trial court then appointed new counsel to represent appellant on appeal. This Court granted appellant an extension of time to file the notice of appeal presented by counsel appointed for appeal.

### Involuntary Termination

Pursuant to section 161.001(2) of the Family Code, involuntary termination of a parent's rights to a child must be in "the best interest of the child," as established by clear and convincing evidence. TEX. FAM.CODE ANN. § 161.001(2) (Vernon Supp.2008). In addition, the statute requires clear and convincing evidence of one of the acts or omissions stated in section 161.001(1)(A)-(T). *Id.* § 161.001(1)(A)-(T) (Vernon Supp.2008); *Richardson v. Green*, 677 S.W.2d 497, 499 (Tex.1984); *see also In re A.V.*, 113 S.W.3d 355, 362 (Tex.2003) ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest."). Clear and convincing evidence is required for both section 161.001(1) and section 161.001(2). *See Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex.1987) (holding that parental rights may not be terminated based solely on best interest of child); *Perez v. Tex. Dep't of Protective & Regulatory Servs.*, 148 S.W.3d 427, 432 (Tex.App.-

El Paso 2004, no pet.); *see also In the Interest of K.N.R.*, 137 S.W.3d 675, 676 (Tex.App.-Waco 2004, no pet.) ("Termination of parental rights requires application of a two prong test."). Due process compels the clear and convincing standard in cases seeking involuntary termination of a parent's rights. *In the Interest of J.F.C.*, 96 S.W.3d 256, 263 (Tex.2002).

### A. DFPS Pleadings in Support of Termination

DPFS sought to terminate appellant's rights to T.W. involuntarily, as authorized by section 161.001 of the Family Code, based on allegations that termination was in T.W.'s best interest, *see* TEX. FAM.CODE ANN. § 161.001(2), and that appellant had "committed *one or more* of the following acts or omissions" stated as grounds in Family Code section 161.001(1) (emphasis added):

knowingly placed or knowingly allowed [T.W.] to remain in conditions or surroundings which endanger the physical or emotional well-being of [T.W.];

engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of [T.W.]

failed to support [T.W.] in accordance with [appellant's] ability during a period of one year ending within six months of the date of the filing of the petition; constructively abandoned [T.W. while she was] in the permanent or temporary managing conservatorship of the Department of [Family and] Protective Services or an authorized agency for not less than six months, and: (1) the department or authorized agency ... made reasonable efforts to return the child to [appellant]; (2) [appellant had] not regularly visited or maintained significant contact with [T.W.]; and (3) [appellant] ... demonstrated an inability to

provide the child with a safe environment;

failed to comply with the provisions of a court order that specifically established the actions necessary for [appellant] to obtain the return of [T.W.] who ha[d] been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the [appellant] under Chapter 262 for the abuse or neglect of the child.

These allegations tracked sections 161.001(1)(D), (E), (F), (N), and (O) of the Family Code. *See* Tex. Fam.Code Ann. § 161.001(1)(D)-(F), (N)-(O).[3]

## B. Trial Court's Oral Pronouncement and Order of Termination

At the conclusion of trial, the trial court announced its ruling regarding appellant, as follows:

As it relate[s] to [appellant's] termination of his parental rights, I find by clear and convincing evidence grounds for termination of his parental rights to [T.W.], as reflected in the order are true except for the grounds of executing an irrevocable affidavit of relinquishment of parental rights[,] which I have stricken from the order. Also find by clear and convincing evidence that termination of his parental rights of [T.W.] are [sic] in the best interest of [T.W.]

The signed order to which the trial court referred in its ruling from the bench is the final order of termination that appellant challenges here. This order recites that termination of the parent-child relationship between appellant and T.W. "is in the child's best interest," as required by section 161.001(2). *See* Tex. Fam.Code Ann. § 161.001(2).

Regarding the finding required by section 161.001(1), the trial court's order determined that appellant "committed *one or more*" of the following acts or omissions, as alleged by DFPS (emphasis added):

knowingly placed or knowingly allowed [T.W.] to remain in conditions or surroundings which endanger the physical or emotional well-being of [T.W.];

engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of [T.W.];

failed to support [T.W.] in accordance with [appellant's] ability during a period of one year ending within six months of the date of the filing of the petition; constructively abandoned [T.W. while she was] in the permanent or temporary managing conservatorship of the Department of [Family and] Protective Services or an authorized agency for not less than six months, and: (1) the department or authorized agency ... made reasonable efforts to return the child to [appellant]; (2) [appellant had] not regularly visited or maintained significant contact with [T.W.]; and (3) [appellant] ... demonstrated an inability to provide the child with a safe environment;

failed to comply with the provisions of a court order that specifically established the actions necessary for [appellant] to obtain the return of [T.W.] who ha[d] been in the permanent or temporary

---

**3.** DFPS had also alleged that appellant had voluntarily relinquished his parental rights to T.W., *see* Tex. Fam.Code Ann. § 161.001(1)(K) (Vernon Supp.2008), in anticipation that appellant would execute the necessary affidavit. *See* Tex Fam.Code Ann. § 161.103 (Vernon Supp.2008). Appellant did not relinquish his rights voluntarily, however, and the trial court therefore excised a proposed finding regarding voluntary relinquishment from DFPS's proposed final order of termination.

managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the [appellant] under Chapter 262 for the abuse or neglect of the child.

The trial court thus determined that appellant committed or omitted *either one or more* of the grounds in subsections (D), (E), (F), (N), and (O) of section 161.001(1), as alleged by DFPS, and that termination of appellant's parental rights to T.W. was in her best interest. *See* TEX. FAM.CODE ANN. § 161.001(1)(D)-(F), (N)-(O), (2).

## C. Appellant's Motion for New Trial and Hearing

Appellant timely filed a motion for new trial to challenge the trial court's final order.[4] Appellant filed the motion pro se, but the record reflects that counsel appointed for trial presented arguments in support of the motion. Neither the written motion nor the arguments on the motion challenged the trial court's "best interest" finding. Instead, the focus of the motion was on testimony by a single witness. According to appellant, that witness's testimony negated two specific recitals in the judgment. Appellant phrased his challenge as follows:

> The [trial court] erred in terminating [appellant's] rights based on:
>
> ... knowingly placed or knowingly allowed the children [sic] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
>
> ... engaged in conduct or knowingly placed the child with persons who en-

gaged in conduct which endangers the physical or emotional well-being of the child.

Appellant's motion for new trial thus challenged termination of his parental rights to T.W. pursuant to subsections (D) and (E) of section 161.001(1) of the Family Code. *See* FAM.CODE ANN. § 161.001(1)(D)-(E).

## D. Appellant's Notice of Appeal

Appellant's notice of appeal states his "desire[ ] to appeal from all portions of the judgment" and that the appeal was to be accelerated. Appellant did not file a "statement of the point or points on which [he] intend[ed] to appeal," as required by section 263.405(b)(2) of the Family Code.[5] *See* TEX. FAM.CODE ANN. § 263.405(b)(2) (Vernon Supp.2008) (governing appeals from final orders placing children in care of DFPS).

## Discussion

### A. Challenge to Section 161.001(2) Ruling—Best Interest

■ Appellant's two issues challenge the legal and factual sufficiency of the evidence to support the trial court's ruling that terminating appellant's parental rights to T.W. was in her best interest. These issues challenge the section 161.001(2), or "best interest," element required for involuntary termination. *See* TEX. FAM.CODE ANN. § 161.001(2). DFPS contends, and we agree, that appellant did not preserve his issues for appeal because he did not file the statement of points required by section 263.405(b)(2) of the Family Code for appeals from final orders that terminate a parent's rights and place

---

4. *See* TEX. FAM.CODE ANN § 263.405(b)(1), (b–1) (Vernon Supp.2008).

5. Pursuant to section 263.405(a), an appeal of a final order placing a child under the care of DFPS, as here, "is governed by the rules of

the supreme court for accelerated appeals in civil cases and the procedures provided by this section," i.e., section 263.405. *See* TEX. FAM.CODE ANN. § 263.405(a) (Vernon Supp. 2008).

children in the care of DFPS. *See* Tex. Fam.Code Ann. § 263.405(b)(2).

Section 263.405(b) of the Family Code requires that a party who "intends to request a new trial or appeal the order" must file either a request for a new trial or, "if an appeal is sought, a statement of the point or points on which the party intends to appeal" not later than the fifteenth day after the date a final termination order is signed. Tex. Fam.Code Ann. § 263.405(b)(1)-(2). Appellant did not comply with the requirement to file a statement of points.

Appellant did, however, file a motion for new trial. In 2007, the Legislature amended section 263.405(b) by adding new subsection (b–1). *See* Act of June 16, 2007, 80th Leg., R.S., ch. 526, § 3, 2007 Tex. Gen. Laws 929 (codified at Tex. Fam. Code Ann. § 263.405(b–1) (Vernon Supp. 2008)). New subsection (b–1) permits the statement required by section 263.405(b)(2) to "be combined with a motion for a new trial." Tex. Fam.Code Ann. § 263.405(b–1). As set forth above, however, appellant's motion for new trial challenged termination of his parental rights to T.W. pursuant to subsections (D) and (E) of section 161.001(1) of the Family Code. *See id.* § 161.001(1)(D)-(E). The motion for new trial did not challenge the trial court's determination that termination of appellant's parental rights to T.W. was in her best interest. *See id.* § 161.001(2).

Pursuant to subsection (I) of section 263.405, this Court may not

> consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insuffi-

cient is not sufficiently specific to preserve an issue for appeal.

*Id.* § 263.405(I). The express terms of this statute thus preclude our considering appellant's issues challenging the legal or factual sufficiency of the evidence supporting the trial court's section 161.001(2) determination that termination of appellant's parental rights to T.W. was in her best interest. *See Bermea v. Tex. Dep't of Family & Protective Servs.,* 265 S.W.3d 34, 38 (Tex.App.-Houston [1st Dist.] 2008, pet. denied) (citing *Pool v. Tex. Dep't of Family & Protective Servs.,* 227 S.W.3d 212, 215 (Tex. App.-Houston [1st Dist.] 2007, no pet.)) (holding that failure to file statement of points or motion for new trial precluded appellate review of challenges to sufficiency of evidence).

### B. Challenge to Section 161.001(1) Determinations

Appellant framed his two issues as challenges to the trial court's "best interest" findings, but appellant's contentions in support of his issues can be construed as encompassing subsidiary challenges to the trial court's section 161.001(1) determinations, specifically, determinations that the trial court may have made pursuant to section 161.001(D), (E), (F), or (O) to support the section 161.001(1) predicate finding.

Rule 38.1(f) of the Rules of Appellate Procedure requires that an appellant's brief "state concisely all issues or points presented for review." Tex.R.App. P. 38.1(f). Rule 38.1(f) also compels that this Court treat the statement of an issue or point "as covering every subsidiary question that is fairly included." *Id.* Accordingly, we address appellant's subsidiary challenges to the trial court's section 161.001(1) determination.

#### 1. *Challenge Limited to Section 161.001(1)(D) or (E) Determinations*

■ Though appellant did not file the statement of points required by section 263.405(b)(2), his motion for new trial challenged two possible section 161.001(1) determinations. Specifically, appellant argued that the trial court's determinations based on section 161.001(D) and (E) were contrary to the evidence provided by a witness. To the extent that the trial court based its ruling on either section 161.001(D) or (E), we conclude that appellant satisfied the requirements of section 263.405(b) by asserting those contentions in his motion for new trial, as authorized by new section 263.405(b–1). *See* TEX. FAM.CODE ANN. § 263.405(b)(2), (b–1). Appellant did not complain in the trial court, however, about any determinations possibly made by the trial court based on section 161.001(F), (N), or (O). As with appellant's section 161.001(2), or "best interest" challenge, appellant's absence of complaint in the trial court about section 161.001(F), (N), or (O) determinations that the trial court may have made prevents our addressing any such challenges. *See* TEX. FAM.CODE ANN. § 263.405(b)(1)-(2).

### 2. *But Section 161.001(1)(D) or (E) Challenges Barred by Unchallenged, Alternative Determination*

■ We are also barred from addressing appellant's challenges to the trial court's determinations premised on section 161.001(1)(D) and (E), but for a different reason. The record does not establish that the trial court terminated appellant's right based on either of these subsection of section 161.001(1). Regarding the predicate finding required by section 161.001(1), the final order of termination specifies that clear and convincing evidence supported termination of appellant's parental rights to T.W. because appellant committed or omitted *either one or more* of the grounds specified in subsections (D), (E), (F), (N),

and (O) of section 161.001(1). Because the trial court did not specify which "one or more" section 161.001(1) determination or determinations it made, the record establishes only that the trial court *may* have relied on subsection (D) or subsection (E) of section 161.001(1) when it terminated appellant's parental rights to T.W.

As addressed above, we have construed appellant's issues on appeal as encompassing challenges to determinations that the trial court may have made pursuant to section 161.001(D), (E), (F), or (O) to support the section 161.001(1) predicate finding. Yet, the trial court did not specify whether it relied on only one of section 161.001(1)'s possible predicate grounds or on all of them. Accordingly, the trial court may have relied not only on subsections (D) and (E), but also on subsections (F), (N), or (O) of section 161.001(1) when it terminated appellant's parental rights to T.W. Appellant's challenges on appeal do not encompass a challenge to the trial court's having based its section 161.001(1) finding on subsection (N).

■ When, as here, an appellant does not challenge an independent ground that may, under the record presented, support the judgment that appellant seeks to reverse, this Court may not address either the challenged grounds or the unchallenged ground and has no choice but to overrule the challenges that the appellant has chosen to assert. *See Perez,* 148 S.W.3d at 433–34; *In the Interest of K.N.R.,* 137 S.W.3d at 676. *Perez* and *K.N.R,* like this case, were appeals from final orders that involuntarily terminated parental rights. The prohibition against addressing independent, unchallenged grounds supporting a judgment is not limited to parental termination cases, but is a well-settled principle that is rooted in the prohibition against addressing unassigned error. *See Walling v. Metcalfe,* 863

S.W.2d 56, 58 (Tex.1993) ("We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error") (citing *Vawter v. Garvey,* 786 S.W.2d 263, 264 (Tex.1990); *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990)).

## Conclusion

Having concluded that appellant did not preserve his section 161.001(2), or "best interest" challenge and that we may not address his challenge to possible section 161.001(1) determinations by the trial court, we overrule appellant's two issues.

We affirm the judgment of the trial court.