Opinion issued October 22, 2009











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00159-CV




KENNETH HYATT, Appellant

v.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from the 315th District Court
Harris County, Texas
Trial Court Cause No. 2007–07249J




MEMORANDUM OPINION

          In this case, appellant Kenneth Hyatt, seeks to appeal the trial court’s decree
terminating the parent-child relationship between Hyatt and his minor daughter,
“Jane.”


 As statutorily required, we initially determine whether the trial court abused
its discretion by finding, based on Hyatt’s statement of appellate points, that his
appeal is frivolous. See Tex. Fam. Code Ann. § 263.405(g) (Vernon 2008). 
          The record shows that the Department sought to terminate Hyatt’s parental
rights to Jane, and the case was tried to a jury. Evidence introduced at trial showed
that, in October 2008, Hyatt pleaded guilty to, and was convicted of, sexually
assaulting Jane.


 The sexual assault occurred in August 2007 when Jane was three
years old. The evidence further showed that Hyatt was sentenced to 50 years in
prison. 
          The trial court signed a decree terminating the parent-child relationship
between Hyatt and Jane and awarding the Department sole managing
conservatorship.


 The decree recites that the clear and convincing evidence showed
that terminating Hyatt’s parental rights was in Jane’s best interest. The decree further
recites that the clear and convincing evidence showed that Hyatt had engaged in the
following predicate acts listed in Family Code section 161.001(1):
knowingly placed or knowingly allowed the child to remain in
conditions or surroundings which endanger the physical or emotional
well-being of the child, pursuant to § 161.001(1)(D) of the Texas Family
Code; 
 
engaged in conduct or knowingly placed the child with persons who
engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to § 161.001(1)(E) of the Texas Family
Code;
 
[pursuant to § 161.001(1)(L)], been convicted or has been placed on
community supervision, including deferred adjudication community
supervision, for being criminally responsible for the death or serious
injury of a child under the following sections of the Penal Code or
adjudicated under Title 3 for conduct that caused the death or serious
injury of a child and that would constitute a violation of . . . the
following Penal Code section[]: § 22.021 (aggravated sexual assault);
 
knowingly engaged in criminal conduct that has resulted in the father’s
conviction of an offense and confinement or imprisonment and inability
to care for the children for not less than two years from the date of the
filing the petition, pursuant to § 161.001(1)(Q) of the Texas Family
Code.
          Hyatt timely filed his statement of appellate points and a motion for new trial. 
In his statement of points, Hyatt identified three “points on appeal.” Specifically,
Hyatt asserted that the Department presented legally insufficient evidence to support
the predicate determinations under subsections (E) and (Q) and factually insufficient
evidence to support the predicate finding under subsection (D). Hyatt made no
challenge to the predicate finding under subsection (L) or to the finding that
termination was in Jane’s best interest.
          Following a hearing, the trial court determined that Hyatt’s appeal was
frivolous. See Tex. Fam. Code Ann. § 263.405(d)(3) (requiring trial court to
determine whether appeal is frivolous). Hyatt now challenges the trial court’s
frivolousness determination. 
          If a trial court makes a frivolousness finding, the aggrieved parent can appeal,
but the appeal is initially limited to the frivolousness issue. Lumpkin v. Dep’t of
Family & Protective Servs., 260 S.W.3d 524, 526 (Tex. App.—Houston [1st Dist.]
2008, no pet.) (citing Tex. Fam. Code Ann. § 263.405(g). In other words, before we
can reach the substantive merits of an appeal in which a frivolousness finding has
been made, we must first determine whether the trial court properly found the appeal
to be frivolous.


 Id. 
          We review a trial court’s frivolousness finding under an abuse of discretion
standard. Id. Applying that standard, we decide whether the trial court acted without
reference to any guiding rules or principles; in other words, we must decide whether
the act was arbitrary or unreasonable. Id. at 527 (citing Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)). 
          Family Code section 263.405(d)(3) directs the trial court to determine whether
an appeal from a termination order is frivolous “as provided by section 13.003(b),
Civil Practices and Remedies Code.” Tex. Fam. Code Ann. § 263.405(d)(3). 
Section 13.003(b) provides that, “[i]n determining whether an appeal is frivolous, a
judge may consider whether the appellant has presented a substantial question for
appellate review.” Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2008). 
For analysis purposes, an appeal is frivolous when it lacks an arguable basis either in
law or in fact. Lumpkin, 260 S.W.3d at 527. 
          As mentioned, in his statement of points, Hyatt did not challenge the best-interest determination or the predicate determination under subsection (L). The
Department contends that Hyatt’s failure to challenge these two determinations
supports the trial court’s finding that the appeal was frivolous. We agree. 
          When, as here, there is a finding that termination is in the best interest of the
children, only one predicate finding under Family Code section 161.001(1) is
necessary to support a judgment of termination. See In re A.V., 113 S.W.3d 355, 362
(Tex. 2003); see also Tex. Fam. Code Ann. § 161.001. Here, in addition to the best
interest determination, the final order of termination specifies that clear and
convincing evidence supported termination of appellant’s parental rights to Jane
because appellant committed or omitted either one or more of the grounds specified
in subsections (D), (E), (L), and (Q) of section 161.001(1). 
          In his statement of points, Hyatt raised no challenge to the best interest or
subsection (L) determinations in the termination order. An appeal of a termination
order is limited to the issues presented in the appellant’s statement of points.


 See
Lumpkin, 260 S.W.3d at 526. Thus, the absence of a complaint in the statement of
points regarding the best interest and subsection 161.001(L) determinations prevents
Hyatt from raising such complaints for the first time on appeal.


 See Fletcher v. Dep’t
of Family & Protective Servs., 277 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.]
2009, no pet.). 
          When an appellant does not challenge an independent ground that may, under
the record presented, support the judgment that the appellant seeks to reverse, this
Court may neither address the grounds actually challenged on appeal or the
unchallenged ground; rather, we may only overrule the challenges asserted by the
appellant. Id. Because Hyatt did not challenge the subsection (L) predicate finding
in his statement of points, this Court would be precluded from addressing any
challenge to subsections (D), (E), and (Q) that Hyatt did raise in his statement of
points. See id. 
          In sum, the unchallenged best interest and subsection (L) determinations
support the termination order in this case. See Tex. Fam. Code Ann. § 161.001; see
also In re K.N.R., 137 S.W.3d 675, 676 (Tex. App.—Waco 2004, no pet.). Based on
Hyatt’s statement of points, the trial court could have properly determined that
Hyatt’s appeal lacked an arguable basis either in law or in fact. Thus, we hold that
the trial court did not abuse its discretion when it found Hyatt’s appeal to be
frivolous.
          We affirm the order of the trial court finding Hyatt’s appeal to be frivolous. 




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Higley, and Sharp.