

NUMBER 13-11-00760-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF J.M.R., J.E.R., AND E.M.R., CHILDREN

**On appeal from the 377th District Court
of Victoria County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Rodriguez**

This case involves the involuntary termination of parental rights. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2011) (providing for the termination of the parent-child relationship). By her sole issue, appellant R.M.G. contends that her parental rights should not have been terminated because her drug use and other problems as a parent did not prevent her from caring adequately for her children, J.M.R., J.E.R., and E.M.R., and because she learned through a program to avoid drugs in the future. We construe this issue as an evidentiary challenge to the following section 161.001(1) findings: (1)

R.M.G. knowingly placed or knowingly allowed her children to remain in conditions or surroundings which endangered their physical or emotional well-being; (2) R.M.G. engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children; and (3) R.M.G. used a controlled substance in a manner that endangered the health or safety of the children and either failed to complete a court-ordered substance abuse treatment program or after completion of a court-ordered substance abuse treatment program continued to abuse a controlled substance. *See id.* §§ 161.001(1)(D), (E) & (P). We affirm.

## I. Background[1]

R.M.G. is the mother of J.M.R., J.E.R., and E.M.R., who, at the time of the termination hearing, were eight, six, and four years old, respectively. Following a trial to the bench, the court terminated R.M.G.'s parental rights to her children.[2] In addition to the challenged 161.001(1) findings set out above, the trial court found by clear and convincing evidence[3] that R.M.G.,

> failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] The children's father is B.R. The trial court also terminated his parental rights over J.M.R., J.E.R., and E.M.R. He has not appealed this decision.

[3] In hearings regarding the termination of parental rights, due process requires that the State prove its case for termination by clear and convincing evidence. *In re J.F.C.*, 96 S.W.3d 256, 263-64 (Tex. 2002) (citing *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *In re G.M.*, 596 S.W.2d 846, 847 (Tex. 1980)); *see* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2011). The clear and convincing standard is defined as the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2008).

conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children; [and]

. . . .

knowingly engaged in criminal conduct that has resulted in the mother's conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the date of filing the petition[.]

*See id.* §§ 161.001(1)(L) & (O). The trial court also found by clear and convincing evidence that termination of the parent-child relationship between R.M.G. and her children was in the children's best interest. *See id.* § 161.001(2).

## II. Discussion

"Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found that termination was in the best interest of the children, and R.M.G. does not challenge that finding. Moreover, while we construe R.M.G.'s issue as a challenge to a number of the trial court's findings under section 161.001(1), she clearly does not challenge all of the 161.001(1) findings, including that she failed to comply with provisions of a court order that established the actions necessary for her to obtain the return of her children and that she knowingly engaged in criminal conduct that resulted in her conviction and imprisonment and her inability to care for the children for not less than two years from the date of filing the petition. *See* TEX. FAM. CODE ANN. § 161.001(1)(L) & (O).

When, as here, R.M.G. does not challenge the independent grounds that may, under the record presented, support the judgment she seeks to reverse, and has not

challenged the "best interest" finding, this Court has no choice but to overrule the challenges that R.M.G. has chosen to assert. *See In re A.V.*, 113 S.W.3d at 361 (holding that father's failure to challenge sufficiency of evidence to support finding under one subsection of section 161.001(1) made it unnecessary—when best interest finding had been made—to address father's challenges to other grounds for termination); *Fletcher v. Dep't of Family & Protective Servs.*, 277 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding that because mother's appeal challenged only three of the six grounds for termination found by the trial court, and because any of the unchallenged findings—along with the best interest finding—would support the order of termination, it was unnecessary to address mother's issues challenging only three of the grounds). Accordingly, we overrule R.M.G.'s sole issue.

### III.  Conclusion

We affirm the trial court's termination order.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
14th day of June, 2012.

4