# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00826-CV

**D.M., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 249,933-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

D.M. appeals the trial court's order terminating her parental rights to her daughter, B.A.A., contending the trial court erred by: (1) failing to grant her motion to dismiss the case based on the failure to commence a trial on the merits within the time limits specified in section 263.401 of the Texas Family Code, and (2) admitting evidence of matters that occurred prior to an April 12, 2011 hearing that served as the basis for a final order in an earlier proceeding denying a previous request to terminate her parental rights. We affirm the trial court's decree of termination.

## BACKGROUND

In October 2009, the Texas Department of Family and Protective Services (the Department) filed its original petition to terminate D.M.'s parental rights to her four children, including B.A.A. In the alternative, the Department requested to be appointed the children's sole managing conservator. The petition was amended in December 2009 to limit the grounds for

termination to child endangerment ("the 2009 petition to terminate"). Tex. Fam. Code § 161.001(1)(D) (knowingly placing or allowing child to remain in endangering conditions or surroundings), (E) (engaging in endangering conduct or knowingly placing child with persons engaging in endangering conduct). Following a hearing on April 12, 2011, the trial court severed B.A.A.'s case from her siblings' case because B.A.A. did not want to return to her mother's care and the children were scheduled to be reunited with their mother under a "monitored return." *See id.* § 263.403 (monitored return of child to parent).

After B.A.A.'s case was severed, the trial court signed an order appointing the Department as B.A.A.'s sole managing conservator and appointing D.M. and B.A.A.'s father as possessory conservators. The order states that at the time of the April 12 hearing "[a] jury was waived, and all questions of fact and of law were submitted to the Court." The parties do not dispute that this was a final order from which no appeal was perfected. Although termination was requested in the Department's live pleading, the trial court did not terminate either parent's relationship with B.A.A.

In October 2011, in the severed proceeding, D.M.'s parental rights were terminated as to B.A.A.'s three siblings. The father's parental rights were terminated as to B.A.A.'s siblings in the same proceeding. In light of these new circumstances, in February 2012 the Department filed a supplemental petition to terminate both D.M.'s and the father's parental rights to B.A.A., again alleging child-endangerment and adding grounds based on constructive abandonment, failure to support, and failure to comply with a court order specifying the actions necessary to obtain custody of B.A.A. *Id.* § 161.001(1)(F) (failure to support), (N) (constructive abandonment), (O) (failure

2

to comply with provisions of court order); *see also In re N.R.T.*, 338 S.W.3d 667, 671-72 (Tex. App.—Amarillo 2011, no pet.) (although presented as modification of prior order, substance of pleading was actually petition to terminate).  An amended petition filed in May 2012 alleged the same grounds ("the 2012 petition to terminate").

Prior to commencement of a trial on the merits, D.M. filed a motion to dismiss the 2012 petition to terminate based on the failure to comply with section 263.401 of the Texas Family Code, which requires that a suit to terminate parental rights be dismissed if the court does not commence the trial on the merits within one year plus an additional 180 days if an extension is granted.  *See* Tex. Fam. Code § 263.401.  The trial court implicitly denied the motion to dismiss when the case proceeded to a jury trial in November 2012.

During the trial, counsel for the parents repeatedly objected to the admission of evidence pertaining to matters that occurred before the April 12, 2011 hearing on the 2009 petition to terminate.  The trial court overruled those objections.  The trial court further refused the parents' request to modify the jury charge to include an instruction that the jury must find that an act warranting termination of parental rights occurred after April 12, 2011.  *See id.* § 161.001 (in order to terminate parental rights there must be clear and convincing evidence of act warranting termination and that termination is in child's best interest).  Several grounds for terminating the parent-child relationship were submitted in broad form as to both parents, and the jury found by clear and convincing evidence statutory grounds to terminate their parental rights and that termination of the parent-child relationship was in B.A.A.'s best interest.  *See id.* § 161.001(1)(D), (E), (M), & (N), (2).  Based on the jury's findings, the trial court signed an order terminating D.M.'s

3

and the father's parental rights as to B.A.A. D.M. filed a motion for new trial, which was overruled by operation of law, and perfected this appeal. B.A.A.'s father is not a party to this appeal.

## DISCUSSION

The two issues presented on appeal are related. In her first appellate issue, D.M. contends the 2012 petition to terminate was predicated on facts alleged in support of the 2009 petition to terminate and was therefore time barred under section 263.401. *See In re K.Y.*, 273 S.W.3d 703, 708 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (observing that subsequent suit for termination can be initiated if new facts exists); *In re T.M.*, 33 S.W.3d 341, 347 (Tex. App.—Amarillo 2000, no pet.) (after 263.401 deadline has passed, department may refile termination petition relying on same grounds if new facts exist). Alternatively, she contends in her second appellate issue that the trial court committed reversible error by refusing to limit the jury charge to acts warranting termination that occurred after the April 12, 2011 hearing on the 2009 petition to terminate. The prior final order appointing the Department as sole managing conservator is not challenged in any respect on appeal.

Section 263.401 of the Family Code provides:

(a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court shall dismiss the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child.

(b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the

4

court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

> (1) schedules the new date on which the suit will be dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

> (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

> (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

(c) If the court grants an extension but does not commence the trial on the merits before the required date for dismissal under Subsection (b), the court shall dismiss the suit. The court may not grant an additional extension that extends the suit beyond the required date for dismissal under Subsection (b).

Tex. Fam. Code § 263.401. After the specified time period has passed, a subsequent petition to terminate may be prosecuted without running afoul of the statutory time limit if new facts exist. *See, e.g.*, *In re L.J.S.*, 96 S.W.3d 692, 694 (Tex. App.—Amarillo 2003, pet. denied) (noting "we and other courts have recognized that a second suit can be initiated if new facts exist").

In determining whether new facts exist, a comparison of the allegations in the 2009 and 2012 termination petitions reveals allegations of grounds for termination in the 2012 petition that were not alleged in the earlier petition. *See In re K.Y.*, 273 S.W.3d at 709 (although nothing new justifying termination actually occurred in single day between dismissal of second suit and filing of third suit, comparison of petition shows allegations changed from father being charged with

5

responsibility for child's death to father being convicted of her murder). Although D.M. complains that no facts were actually alleged in the 2012 petition to terminate in support of the grounds for termination, she did not file special exceptions. In addition, section 161.101 of the Family Code states that "[a] petition for the termination of the parent-child relationship is sufficient without the necessity of specifying the underlying facts if the petition alleges in the statutory language the ground for the termination and that termination is in the best interest of the child." Tex. Fam. Code § 161.101. That was done here. Moreover, the record reflects that, at trial, the Department introduced evidence of circumstances not in existence when the 2009 petition for termination was filed and heard in April 2011, including the subsequent termination of D.M.'s parental rights to B.A.A.'s siblings, the lack of significant contact between D.M. and B.A.A. during the time the Department was acting as B.A.A.'s sole managing conservator, and B.A.A.'s newfound desire to be adopted by her foster parents, with whom she had resided for three years and who were planning to adopt her three siblings. Because new grounds were alleged in the 2012 petition and evidence of new facts was admitted, we hold that the trial court did not err in denying D.M.'s motion to dismiss the 2012 petition for termination under section 263.401.

With regard to D.M.'s second appellate issue, we note that D.M. has not challenged the sufficiency of the evidence to support any of the statutory grounds for terminating the parent-child relationship that were submitted for the jury's consideration. D.M. apparently argues that the jury's findings were tainted by the failure to limit the jury's consideration to evidence of acts that occurred after April 12, 2011. However, one of the grounds submitted to the jury was section 161.001(M), which allows for the termination of parental rights as to a child if the parent had her

6

parental rights terminated with respect to another child based on a finding that the parent's conduct was in violation of section 161.001(D) or (E). *See id.* § 161.001(M). Based on the arguments and evidence introduced at trial, this ground for termination could only have been submitted to the jury based on the termination of D.M.'s parental rights to B.A.A.'s siblings, an event which indisputably occurred after April 12, 2011. Because the order of termination as to B.A.A. could have been based on section 161.001(1)(M), and because that ground was not challenged on appeal, any error in the trial court's admission of evidence related to the prior termination proceedings was harmless. *See, e.g.*, *In re J.P.*, 2012 WL 579481, at * 3 (Tex. App.—Fort Worth Feb. 23, 2012, no pet.) (mem. op.) (affirming termination based on unchallenged finding that would, along with best interest finding, support order terminating parental rights); *In re K.G.*, 350 S.W.3d 338, 352 (Tex. App.—Fort Worth 2011, pet. denied) (holding that error in admitting evidence from time period before denial of Department's first petition was harmless because termination was proper on other grounds); *Fletcher v. Department of Family & Protective Servs.*, 277 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (termination order can be supported by grounds for termination supported by record and not challenged on appeal).

We also hold that section 161.004 of the Family Code is dispositive of the jury-charge issue presented in D.M.'s second appellate issue. Section 161.004 authorizes termination of parental rights after the court has previously rendered an order denying a request to terminate the parent-child relationship. Tex. Fam. Code § 161.004. In order to terminate parental rights under section 161.004, "the parent [must have] committed an act listed under Section 161.001 [of the Family Code] *before*

7

the date the order denying termination was rendered," among other requirements.[1] *Id.* § 161.004(a)(3) (emphasis added). Moreover, the court is expressly authorized to "consider evidence presented at a previous hearing in a suit for termination of the parent-child relationship" with respect to the same child. *Id.* § 161.004(b). Accordingly, the trial court did not err in refusing a jury instruction that would have prohibited the jury from considering evidence of acts warranting termination that were committed before the trial court rendered its order on the 2009 petition to terminate. Because we find no reversible error based on the jury charge issue asserted on appeal, we overrule D.M.'s second appellate issue.

---

[1] Section 161.004 provides:

(a) The court may terminate the parent-child relationship after rendition of an order that previously denied termination of the parent-child relationship if:

(1) the petition under this section is filed after the date the order denying termination was rendered;

(2) the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have materially and substantially changed since the date that the order was rendered;

(3) the parent committed an act listed under Section 161.001 before the date the order denying termination was rendered; and

(4) termination is in the best interest of the child.

(b) *At a hearing under this section, the court may consider evidence presented at a previous hearing in a suit for termination of the parent-child relationship of the parent with respect to the same child.*

Tex. Fam. Code § 161.004 (emphasis added).

**CONCLUSION**

Having overruled both issues on appeal, we affirm the decree of termination.


_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   June 14, 2013