

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-18-00153-CV**

**IN THE INTEREST OF P.L.F. III, A CHILD**

_____

**From the County Court at Law No. 2**
**Johnson County, Texas**
**Trial Court No. CC-D20170269**

**MEMORANDUM OPINION**

In four issues, appellant, P.L.F. II, challenges the trial court's order terminating his parental rights to his son, P.L.F. III. Specifically, appellant contends that the Texas Department of Family & Protective Services failed to proffer clear and convincing evidence in support of the predicate and best-interest grounds for termination of his parental rights. Because we overrule appellant's issues on appeal, we affirm the judgment of the trial court.

### I. STANDARD OF REVIEW

In an involuntary termination proceeding brought under section 161.001 of the family code, the Department must establish: (1) at least one ground under subsection (1)

of section 161.001; and (2) that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(West Supp. 2017); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Both elements must be established; termination may not be based solely on the best interest of the child as determined by the trier of fact. *See Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

Termination decisions must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. §§ 161.001, 161.206(a) (West Supp. 2017). Evidence is clear and convincing if it "will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West 2008). Due process demands this heightened standard because termination results in permanent, irrevocable changes for the parent and child. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002); *see In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (contrasting the standards for termination and modification).

In evaluating the evidence for legal sufficiency in parental-termination cases, we determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). We review all the evidence in the light most favorable to the finding and judgment. *Id.* We resolve any disputed facts in favor of the finding if a reasonable factfinder could have done so. *Id.* We disregard all contrary evidence that a reasonable factfinder could have disbelieved. *Id.* We consider undisputed evidence even if it is

contrary to the finding. *Id.* In other words, we consider evidence favorable to termination if a reasonable factfinder could, and we disregard contrary evidence unless a reasonable factfinder could not. *Id.* We cannot weigh witness-credibility issues that depend on the appearance and demeanor of the witnesses, for that is within the province of the factfinder. *Id.* at 573-74. And even when credibility issues appear in the appellate record, we defer to the factfinder's determinations as long as they are reasonable. *Id.* at 573.

In reviewing for factual sufficiency, we give due deference to the factfinder's findings and do not supplant the judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We determine whether, on the entire record, a factfinder could reasonably form a firm conviction or belief that the parent committed the predicate ground alleged and that the termination of the parent-child relationship would be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(1); *see In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002). If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief in the truth of its finding, then the evidence is factually insufficient. *In re H.R.M.*, 209 S.W.3d at 108.

## II. THE PREDICATE GROUNDS FOR TERMINATION OF APPELLANT'S PARENTAL RIGHTS

In his first three issues, appellant contends that the evidence supporting the predicate grounds for termination—sections 161.001(b)(1)(D), (b)(1)(E), and (b)(1)(O) of the Family Code—is insufficient. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (b)(1)(E),

(b)(1)(O). However, a review of the Clerk's Record reveals that the trial court's order of termination also included an additional predicate ground for termination under section 161.001(b)(1)(P) that appellant does not challenge on appeal.[1]

A finding of only one ground for termination alleged under section 161.001(b)(1) is sufficient to support a judgment of termination. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Therefore, to be successful on appeal, appellant is required to establish that the trial court's findings on all of the Department's pleaded grounds are unsupported by the evidence. *See Fletcher v. Dep't of Family & Protective Servs.*, 277 S.W.3d 58, 64 (Tex. App.— Houston [1st Dist.] 2009, no pet.). When a parent does not challenge an independent ground that may support an order of termination, we do not address the sufficiency of the evidence of any of the predicate grounds for termination. *See In re A.V.*, 113 S.W.3d at 361-62. Rather, we must overrule the challenges the parent has chosen to assert. *See In re A.V.*, 113 S.W.3d at 361-62; *Fletcher*, 277 S.W.3d at 64.

---

[1] Section 161.001(b)(1)(P) provides that the court may terminate the parent-child relationship if it finds by clear and convincing evidence that the parent:

> used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:
>
> > (i) failed to complete a court-ordered substance abuse treatment program; or
> >
> > (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance . . . .

TEX. FAM. CODE ANN. § 161.001(b)(1)(P) (West. Supp. 2017).

Because appellant does not challenge every ground upon which the trial court could have based its decision to terminate his parental rights, we do not address the unchallenged findings or the grounds raised in his brief.[2] Accordingly, we overrule appellant's first three issues.

### III. BEST INTEREST

In his fourth issue, appellant complains that the Department did not proffer clear and convincing evidence demonstrating that termination of his parental rights is in the best interest of P.L.F. III. In other words, appellant argues that the evidence supporting the best-interest ground is not supported by legally- and factually-sufficient evidence. We disagree.

In a parental-rights-termination case, the best interest of the child is assessed using a non-exhaustive list of factors. *See In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). These factors are: (1) the child's wishes; (2) his emotional or physical needs now and in the future; (3) emotional or physical danger to the child now and in the future; (4) the parenting abilities of the parties seeking custody; (5) programs available to help those parties; (6) plans for the child by the parties seeking custody; (7) the stability of the

---

[2] The Department points out that the trial court orally pronounced the predicate grounds for termination being under subsections (D), (E), and (O); however, the signed termination order also included subsection (P) as a predicate termination ground as pled by the Department. Nevertheless, as we outline in the best-interest section of this memorandum opinion, there is ample evidence establishing by clear and convincing evidence the predicate grounds for termination under subsections (D), (E), and (O). Therefore, we are not persuaded by appellant's challenges to the sufficiency of the evidence supporting the predicate grounds for termination.

proposed placement; (8) the acts or omissions of the parent that indicate that the existing parent-child relationship is not proper; and (9) any excuses for the acts or omissions of the parent. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). The Department need not prove all nine *Holley* factors as a "condition precedent" to termination; the absence of some factors does not bar the factfinder from finding that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27. And while no one factor is controlling, the analysis of a single factor may be adequate in a particular situation to support a finding that termination is in the child's best interest. *In re J.O.C.*, 47 S.W.3d 108, 115 (Tex. App.—Waco 2001, no pet).

The record reflects that P.L.F. III was five years old at the time of trial and that he is currently placed with his maternal grandmother, K.B., and his two half-siblings. CPS caseworker Mary Bertelsen testified that P.L.F. III has bonded with his half-siblings and K.B. and that the child desired to remain in K.B.'s home. Both K.B. and Bertelsen stated that P.L.F. III has little to no bond with appellant and is not even aware that appellant is his father. Bertelsen stated that the current placement is in the best interest of P.L.F. III.

Additionally, P.L.F. III has special needs on account of his diagnosis of ectodermal dysplasia, which prevents him from regulating his own temperature and causes him to have very thin hair, no teeth, and difficulty sweating. As a result of his diagnosis, P.L.F. III requires special medical care, adequate air conditioning, and close monitoring from his caregiver. A failure to provide the foregoing could be fatal.

At the time of trial, appellant's whereabouts were unknown, and despite multiple opportunities for visitation, appellant has only seen P.L.F. III once or twice a year for several years.[3] During the course of the child's life, appellant has been unable to maintain a steady residence and has lived in several different states, including Florida, California, Colorado, Texas, and Georgia. K.B. noted that appellant has not provided any financial support for this child, other than "ridiculous presents, nine pounds of gummy bears. Just, you know, toys and stuff like that, yes. Stuff that he enjoys a lot but." On the other hand, the child's needs are being met at the current placement with K.B. She takes the child to his doctor's appointments, provides stability, and has enrolled him in the Head Start pre-kindergarten program.

And finally, the record demonstrates that appellant has engaged in domestic violence and drug abuse shortly before and after P.L.F. III's birth. Indeed, while she was pregnant with P.L.F. III, the birth mother reported that appellant pushed her and jumped on top of her, causing her to give birth to P.L.F. III thirteen weeks prematurely. The domestic violence allegedly continued once the child was released from the hospital and the family moved to Florida. While in Florida, appellant pushed the birth mother, causing a television to almost fall on P.L.F. III. After this incident, the birth mother returned to Texas with the child.

---

[3] Appellant's attorney, not appellant, was present for the trial in this matter.

Upon returning to Texas, the birth mother began using illegal drugs. Bertelsen testified that appellant admitted to providing the birth mother with needles so that she could abuse heroin. K.B. recounted that appellant "took pills, he did crack, he did methamphetamines, and heroin, and marijuana, and even some synthetic type of marijuana, too . . . ." In any event, during the pendency of this case, appellant was ordered to complete a service plan that included participation in a mental-health assessment, which he failed to do, and completion of a drug-treatment program. Appellant successfully completed the drug-treatment program in February 2017; however, in May 2017, appellant submitted to a drug test and tested positive for marihuana.

Based on our review of the record, we find that the above-mentioned evidence touches on several of the *Holley* factors. *See* 544 S.W.2d at 371-72. We therefore conclude that the evidence presented was legally- and factually-sufficient for a factfinder to reasonably form a firm belief or conviction that termination of appellant's parental rights was in the best interest of P.L.F. III. *See In re J.P.B.*, 180 S.W.3d at 573; *see also In re H.R.M.*, 209 S.W.3d at 108; *In re C.H.*, 89 S.W.3d at 28. Accordingly, we overrule appellant's fourth issue.

## IV. CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.

AL SCOGGINS
Justice


Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 19, 2018
[CV06]

