

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00477-CV

**In the Interest of F.B.C.L.**, B.A.I.L., L.K.A.L., and J.J.W.L, Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01116
Honorable Laura Salinas, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: April 28, 2021

AFFIRMED

Appellant appeals the trial court's order terminating her parental rights to her four children. On appeal, appellant challenges only one of the four predicate grounds for termination recited in the trial court's written order. We affirm.

## BACKGROUND

On May 31, 2019, the Texas Department of Family and Protective Services ("Department") filed a petition to terminate appellant's parental rights as the mother of F.B.C.L., B.A.I.L., L.K.A.L., and J.J.W.L. The Department sought termination pursuant to multiple predicate grounds under Texas Family Code section 161.001(b)(1).

After a bench trial, the trial court terminated appellant's parental rights pursuant to Family Code section 161.001(b)(1), subsections (D) (endangerment by conditions or surroundings), (E)

(endangerment by conduct), (N) (constructive abandonment), and (O) (failure to comply with provisions of court order).[1] The trial court also found that termination of appellant's parental rights was in the children's best interest.

On appeal, appellant only challenges the trial court's finding of constructive abandonment under subsection (N). She does not challenge the predicate findings under subsections (D), (E), and (O) or the best interest finding.

## STANDARD OF REVIEW

To terminate parental rights, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1), and (2) termination is in the best interest of the child. TEX. FAM. CODE §§ 161.001(b)(1-2), 161.206(a). The Family Code defines "clear and convincing evidence" to mean "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007.

## UNCHALLENGED FINDINGS

The Department sought termination pursuant to Texas Family Code section 161.001(b)(1), subsections (D), (E), (N) and (O), and the trial court terminated appellant's parental rights on all four grounds.

Because appellant does not challenge the predicate findings under subsections (D), (E), and (O) or the best interest finding, we need not address the merits of appellant's challenge to subsection (N). Only one termination ground—in addition to a best interest finding—is necessary to affirm a termination judgment on appeal. *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019).

---

[1] The trial court likewise terminated the father's parental rights.

When, as here, an appellant does not challenge an independent ground that supports the judgment and termination was in the child's best interest, this court may not address either the challenged grounds or the unchallenged ground for termination. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re G.V.S.*, 04-18-00563-CV, 2018 WL 6624398, at *3 (Tex. App.—San Antonio Dec. 19, 2018, pet. denied) (mem. op.); *In re B.M.*, 12-18-00094-CV, 2018 WL 4767179, at *3–4 (Tex. App.—Tyler Oct. 3, 2018, no pet.) (mem. op.); *Fletcher v. Dep't of Family & Protective Services*, 277 S.W.3d 58, 64–65 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The court has no choice but to overrule the challenges that the appellant has chosen to assert. *In re G.V.S.*, 2018 WL 6624398, at *3. Accordingly, we overrule appellant's challenge to subsection (N).

## CONCLUSION

Having overruled appellant's challenge to subsection (N), we affirm the trial court's judgment.

Lori I. Valenzuela, Justice