

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00694-CV

———————————————

IN THE INTEREST OF A.M., A CHILD

---

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 24-9148-467

---

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Father appeals the trial court's order terminating his parental rights to A.M. On appeal, Father raises two issues. The first issue challenges one of the three predicate grounds for termination recited in the trial court's written order. The second issue alleges that the Texas Department of Family and Protective Services (the Department) violated statutory guidelines and deadlines, which violated Father's due process rights. The first issue fails to challenge all independent grounds supporting termination, and the second issue was not preserved for appellate review. As a result, we will affirm.

## Background

On September 24, 2024, the Department filed a petition to terminate Father's parental rights.[1] The Department sought termination pursuant to multiple predicate grounds under Texas Family Code Section 161.001(b)(1).

After a bench trial, on December 10, 2025,[2] the trial court terminated Father's parental rights pursuant to predicate grounds (B), (C), and (N). *See* Tex. Fam. Code

---

[1]Father was referred to as the "presumed/alleged father of the child" in the petition. The results of a February 14, 2025 paternity test confirmed that Father is the biological father of the child.

[2]The trial court granted a motion to extend the dismissal date in Father's case from September 24, 2025, to March 28, 2026. *See* Tex. Fam. Code Ann. § 263.401(b). Father was appointed counsel on September 15, 2025, and the trial court determined that Father's court-appointed counsel had not had adequate time to communicate with Father, to prepare for trial, or to secure Father's appearance for final trial—as Father had been incarcerated since January 1, 2025, for probation violations. Father pled true

Ann. § 161.001(b)(1)(B), (C), (N). The trial court also found that termination was in the best interest of the child. *See id.* § 161.001(b)(2). This appeal followed.

## Unchallenged Predicate Grounds

To terminate parental rights, the Department must prove by clear and convincing evidence: (1) one of the predicate grounds in Subsection 161.001(b)(1) and (2) termination is in the best interest of the child. *Id.* §§ 161.001(b)(1)-(2), 161.206(a). The Texas Family Code defines "clear and convincing evidence" to mean "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007. Only one termination ground—in addition to a best interest finding—is necessary to affirm a termination judgment on appeal. *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019).

When an appellant does not challenge an independent ground that supports the judgment and termination is in the child's best interest, this court may not address either the challenged grounds or the unchallenged ground for termination. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re G.V.S.*, No. 04-18-00563-CV, 2018 WL 6624398, at *3 (Tex. App.—San Antonio Dec. 19, 2018, pet. denied) (mem. op.); *In re B.M.*, No. 12-18-00094-CV, 2018 WL 4767179, at *3–4 (Tex. App.—Tyler Oct. 3, 2018, no

---

to the alleged violations in two cases on July 24, 2025, resulting in punishment at confinement in the Texas Department of Criminal Justice for a period of five years in one case and three years in the other.

pet.) (mem. op.); *Fletcher v. Dep't of Fam. & Protective Servs.*, 277 S.W.3d 58, 64–65 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In Father's first issue, he challenges the trial court's finding of constructive abandonment under Subsection (N), but he does not challenge the trial court's findings under Subsections (B) or (C) or under best interest. Because Father does not challenge the trial court's findings under the remaining predicate grounds or under best interest, we are left with no choice but to overrule Father's first issue.[3] *See G.V.S.*, 2018 WL 6624398, at *3 ("[B]ecause we may affirm on any one ground, [the] failure to challenge the sufficiency of the evidence to support the trial court's findings on the remaining [] predicate grounds waives any complaint regarding the sufficiency of the evidence to support [the challenged] predicate grounds."); *see also A.V.*, 113 S.W.3d at 362; *In re K.L.G.*, No. 14-09-00403-CV, 2009 WL 3295018, at *2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2009, no pet.) (mem. op.) (stating that unchallenged predicate findings are binding on appellate court).

---

[3]In his challenge to the trial court's finding under Subsection (N), Father fails to make any reference to the record or to any case law—beyond reciting the standard of review—to support his analysis. *See* Tex. R. App. P. 38.1(i); *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446–47 (Tex. App.—Fort Worth 2023, pet. denied) (holding that "wholly inadequate" briefing does not present an adequate appellate issue). We construe briefs liberally, but we cannot "abandon our role as a neutral adjudicator and assume the role of an advocate." *In re C.R.*, No. 02-25-00152-CV, 2025 WL 3301062, at *2 (Tex. App.—Fort Worth Nov. 26, 2025, pet. denied) (mem. op.) (citing *Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *5 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.)).

## Due Process Complaint

Father's second issue alleges that the Department failed to abide by the statutory guidelines of the Texas Family Code, restricting Father's ability to properly participate in the case and violating his due process rights. It appears that Father may be making an argument that his service plan was premature—created while he was the "alleged father" versus when he had been adjudicated a parent of the child. *Compare* Tex. Fam. Code Ann. § 101.0015(a) ("'Alleged father' means a man who alleges himself to be, or is alleged to be, the genetic father or a possible genetic father of a child, but whose paternity has not been determined."), *with id.* § 101.024(a) (defining "parent," in part, as "a man legally determined to be the father [or] a man who has been adjudicated to be the father by a court of competent jurisdiction").

However, Father did not object to the service plan or to his parentage in the trial court; thus, any potential issues with the service plan were not preserved for our review. *See* Tex. R. App. P. 33.1(a). Additionally, like in his first issue, Father does not provide any legal authority to support his argument that his service plan resulted in a violation of his due process rights—waiving this issue for our review. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("Failure to cite applicable authority or provide substantive analysis waives an issue on appeal."); *see also* Tex. R. App. P. 38.1(i).

As a result, we overrule Father's second issue.

## Conclusion

Having overruled both of Father's issues, we affirm the trial court's termination order. *See* Tex. R. App. P. 43.2(a).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  April 23, 2026