# IN THE SUPREME COURT OF TEXAS

═══════════

No. 13-0257

═══════════

IN THE INTEREST OF K.N.D., A CHILD

═══════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

═══════════════════════════

**PER CURIAM**

In this case, the trial court terminated A.D.'s parental rights to her daughter, K.N.D., under section 161.001(1)(O) of the Texas Family Code and appointed the Department of Family and Protective Services (the Department) as sole managing conservator. A.D. challenged the sufficiency of the evidence to establish removal for "abuse or neglect" of K.N.D. under chapter 262 of the Family Code and the sufficiency of the evidence to terminate in the child's best interest. The court of appeals upheld the Department's appointment as sole managing conservator but reversed the termination judgment and denied the Department's petition for termination. *In re K.N.D.*, 403 S.W.3d 277, 287 (Tex. App.—Houston [1st Dist.] 2012, pet. granted). The court of appeals held that the evidence was legally insufficient to establish that K.N.D. was removed for "abuse or neglect" under chapter 262, stating:

> There is no evidence to suggest that A.D.'s living arrangements, status as a prostitute, or personal relationships prior to one episode of domestic violence actually exposed K.N.D. to a substantial risk of harm so as to constitute evidence of neglect. . . . And there is no evidence to suggest that K.N.D. was actually injured so

> as to support an inference that such injury arose from the mother's abusive conduct. Evidence relating to past abuse or neglect of children other than the removed child is not relevant for purposes of section 161.001(1)(O).

*Id.* at 284–85. In light of our recent decision in *In re E.C.R.*, 402 S.W.3d 239 (Tex. 2013), we now reverse.

On April 28, 2011, A.D. gave birth to K.N.D. The following day, while K.N.D. remained in the hospital, the Department received a referral concerning the "neglectful supervision" of K.N.D. The referral reported that A.D. had been involved in a domestic dispute with her roommates while thirty-seven weeks pregnant, resulting in A.D.'s falling down. A.D. had then been taken to the hospital, where she gave birth. The referral reported that A.D.'s male roommate put his hands around the female roommate's neck and that the male roommate chased A.D., causing her to fall. The female roommate came to the hospital and told a nurse that she and A.D. were prostitutes and that the male roommate was their pimp. A.D. denied the allegations, claiming that her two roommates got into an altercation, and that she felt dizzy and fell down. Because the evidence was in dispute, caseworker Candice Chandler from the Department conducted an investigation and filed an affidavit with the court, in accordance with chapter 262 of the Texas Family Code.

The investigation revealed that A.D. told a hospital social worker that A.D.'s male roommate had been chasing her and stepped on her shoe, causing her to fall. An apartment worker also witnessed A.D. being chased by her male roommate and saw her fall down before getting back up and running to her apartment. The apartment worker told Chandler that the male roommate had kicked the door into the apartment, and that the police escorted the male roommate off the premises

2

while A.D. was taken to the hospital in an ambulance. The affidavit also stated that less than two weeks prior to giving birth to K.N.D., A.D. had relinquished parental rights to her first child, S.L.A.D., because she could not care for the child. A.D. had a history of "neglectful supervision" and "medical neglect" of S.L.A.D. The affidavit further reported that the caseworker assigned to S.L.A.D.'s case, Jasmin Green, classified A.D. as a "flight risk" with untreated "mental health issues;" A.D. would say she would comply with agency recommendations, but she would not follow through. Finally, the affidavit stated that A.D. had an assault charge on file from 2009.

Following the initial removal of a child, a court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has:

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE § 161.001(1)(O). In *In re E.C.R.*, we held:

> [W]hile subsection O requires removal under chapter 262 for abuse or neglect, those words are used broadly. Consistent with chapter 262's removal standards, "abuse or neglect of the child" necessarily includes the risks or threats of the environment in which the child is placed. . . . If a parent has neglected, sexually abused, or otherwise endangered her child's physical health or safety, such that initial and continued removal are appropriate, the child has been "remov[ed] from the parent under Chapter 262 for the abuse or neglect of the child."

402 S.W.3d at 248. We further held that a reviewing court may examine a parent's history with other children as a factor of the risks or threats of the environment, saying, "Part of [the] calculus includes the harm suffered or the danger faced by other children under the parent's care." *Id.* In light of *In re E.C.R.*, we hold that K.N.D. was removed for abuse or neglect under chapter 262 of

3

the Texas Family Code.  Pursuant to Texas Rule of Appellate Procedure 59.1, we reverse the judgment of the court of appeals and remand for further proceedings.


OPINION DELIVERED: January 17, 2014