

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00217-CV

## IN THE INTEREST OF J.D.S., A CHILD

**From the 278th District Court
Walker County, Texas
Trial Court No. 1426969**

# O P I N I O N

Tiffany L. appeals the trial court's judgment terminating her parental rights to J.D.S. J.D.S. was removed from Tiffany's care, for the second time in his life, when a Texas Department of Family and Protective Services caseworker made a home visit and found Tiffany on the floor of the home and incoherent with J.D.S. also in the home but unable to open the door to let the caseworker, and then emergency personnel, in the home. Because there is no error in the trial court's judgment, the judgment is affirmed.

**ISSUE TWO**

We begin by discussing Tiffany's second issue first. That issue is two-fold: the evidence is insufficient to support the ground for termination alleged, and when

termination is based on ground (M), the trial court should re-evaluate the removal for sufficient evidence under the clear and convincing standard of review.

*Ground M*

The trial court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has had the parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of ground (D) or (E). TEX. FAM. CODE ANN. § 161.001(1)(M) (West 2014). There was uncontroverted evidence that Tiffany's parental rights to another child had been terminated on a finding that Tiffany's conduct had violated ground (D) or (E). Thus, the first part of Tiffany's issue is overruled.

*Re-Evaluation of Removal*

In the second part of the second issue, Tiffany essentially argues, notwithstanding this is a ground (M) termination, that we should review the evidence of the removal for sufficiency under the clear and convincing evidence standard as if termination was pursuant to grounds (D) or (E).[1] Tiffany argues: "The state/DFPS should have to prove their case at trial showing the parent by some act or omission caused some kind of abuse or neglect under the heighted burden of 'clear and convincing' evidence as to the subject child of the case." Apnt brf., pg. 16. In making this argument, Tiffany relies heavily on the opinion in *In the Interest of K.N.D.*, 403

---

[1] Clear and convincing evidence is the standard of proof in parental termination cases. *In the Interest of J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002).

S.W.3d 277 (Tex. App.—Houston [1st Dist.] 2012, *rev. & rem.*, 424 S.W.3d 8 (Tex. 2014). In comparing the case to *K.N.D.*, Tiffany argues, "the evidence or lack thereof supports her contention that she was not 'personally responsible' or 'culpable' in any way for her medical emergency that left her child J.D.S. unsupervised on May 22nd, 2014." Apnt brf., pg. 18. *K.N.D.* is distinguishable. First and foremost, K.N.D.'s termination was based on grounds (D), (E), and (O). Whereas in this case, the termination of Tiffany's parental rights to J.D.S. is based solely on ground (M). Second, the First Court of Appeals's opinion in *K.N.D.* was reversed by the Texas Supreme Court on this issue. *Id.*

Once the prior termination of Tiffany's parental rights was established based on ground (M) by clear and convincing evidence, the State had met its burden to prove a predicate ground. But proof of a predicate ground is not enough to terminate parental rights. Just because ground (M) is susceptible to being easily proved by uncontroverted evidence does not make the case a "slam dunk" for the State as argued by Tiffany. The State must also meet the formidable hurdle that termination of parental rights is in the best interest of the child. *In the Interest of J.F.C.*, 96 S.W.3d 256, 277 (Tex. 2002) ("There are two predicates to parental termination under section 161.001 of the Texas Family Code. The first is that one or more courses of parental conduct must be established. The second is that termination must be in the best interest of the children."). In this proceeding, the proof that termination was in the best interest of J.D.S. was so formidable that the sufficiency of the proof thereof was not challenged on appeal.

*Summary*

We decline to review the initial removal of J.D.S. for sufficiency of the evidence as requested by Tiffany. Accordingly, the second part of Tiffany's second issue is overruled.

**ISSUE ONE**

In her first issue, Tiffany complains that the evidence was legally and factually insufficient to support the findings of the trial court allowing the Department to maintain custody of J.D.S. after his initial removal by the Department. Within 14 days after the Department takes possession of a child, the trial court must hold a full adversary hearing. TEX. FAM. CODE ANN. § 262.201(a) (West 2008); *In the Interest of E.C.R.*, 402 S.W.3d 239, 247 (Tex. 2013). Following the hearing, the trial court must order the child returned to his parent *unless* the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that: there was a danger to the child's physical health or safety that was caused by an act or failure to act of the person entitled to possession, and for the child to remain in the home is contrary to his welfare; the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the child's safety, were made to eliminate or prevent the child's removal; and reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home. *Id*. § 262.201(b); *E.C.R.*, 402 S.W.3d at 247.

Continued removal is warranted only if the child faces a continuing danger to his physical health or safety. *Id*. § 262.201(b)-(c); *E.C.R.*, 402 S.W.3d at 247.

A trial court's decision to allow the Department to maintain custody of a child following an adversary hearing is reviewable, if at all, through a petition for writ of mandamus. *See Tex. Dep't of Family & Protective Servs*., 255 S.W.3d at 614; *In re Allen*, 359 S.W.3d 284, 288 (Tex. App.—Texarkana 2012, orig. proceeding) (op. on reh'g). There is nothing in the record to indicate that Tiffany filed a petition for writ of mandamus. Further, although counsel argued at the termination hearing that J.D.S. was improperly retained after being removed from Tiffany, the record does not reflect that Tiffany challenged J.D.S's initial removal at the 14 day hearing. Thus, because of these omissions, and because we find the evidence sufficient to support termination based upon ground (M), we overrule Tiffany's first issue. *See In re M.A.-O.R.*, No. 02-11-00499-CV, 2013 Tex. App. LEXIS 1513, *14-15 (Tex. App.—Fort Worth Feb. 14, 2013, no pet.) (mem. op.) (issue overruled because no prior challenge to removal); *Melton v. Tex. Dep't of Family & Protective Servs*., No. 03-08-00168-CV, 2010 Tex. App. LEXIS 1352, 2010 WL 668917, at *10 (Tex. App.—Austin Feb. 25, 2010, no pet.) (mem. op.) (holding in a termination appeal that a father did not preserve his issue related to the Department's initial temporary custody of his daughter because the father did not challenge that custody in the trial court).

Moreover, a temporary order which makes findings to support removal under

Family Code section 262.201(b) is superseded by the entry of a final order of termination. *See In re Z.R.M.*, No. 04-15-00063-CV, 2015 Tex. App. LEXIS 6971, *17 n.5 (Tex. App.—San Antonio July 8, 2015, no pet.) (mem. op.) (complaints about child's removal not proper in context of appeal from final order terminating parental rights); *L.F. v. Dep't of Family and Protective Servs.*, No. 01-10-01148-CV, 2012 Tex. App. LEXIS 3481, *38 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. denied) (mem. op.) (issue concerning child's emergency removal moot after trial court rendered final order).

*Summary*

Once a termination proceeding has progressed to a final hearing and the parental rights ordered terminated, the initial removal of the child from the parent is rendered moot. Tiffany's first issue is overruled.

CONCLUSION

Having disposed of each of Tiffany's issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis concurs in the judgment with a note)*
Affirmed
Opinion delivered and filed October 22, 2015
[CV06]

\*    "(I concur with the court's judgment, but I would affirm the trial court's order of termination because (1) Tiffany does not challenge on appeal the grounds on which the trial court ordered termination (subsection (M) and best interest) and (2) because Tiffany's complaints on appeal about the temporary order for emergency removal under section 262.201(b) are moot when the trial court has rendered a final order of termination. *See, e.g., In re Z.R.M.,* No. 04-15-00063-CV, 2015 WL 4116049, at \*5, n.5 (Tex. App.—San Antonio July 8, 2015, no pet. h.) (citing *In re D.W.,* No. 01-13-00880-CV, 2014 WL 1494290, at \*3 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (declining to address issues related to temporary orders when trial court had rendered a final order); *L.F. v. Dep't of Family & Prot. Serv.,* No. 01-10-01148-CV, 2012 WL 1564547, at \*14 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (recognizing that issue concerning child's emergency removal was moot when trial court had already rendered final order))."

