# NO. 12-18-00094-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | *§* | *APPEAL FROM THE* |
| *B.M., AND J.M.,* | *§* | *COUNTY COURT AT LAW NO. 2* |
| *CHILDREN* | *§* | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A.B. and J.M. appeal the termination of their parental rights. In three issues each, they challenge the order of termination. We affirm.

## BACKGROUND

A.B. is the mother and J.M. is the father of B.M. and J.M.1.[1] On April 27, 2017, the Department of Family and Protective Services (the Department) filed a first amended original petition for protection of B.M. and J.M.1, for conservatorship, and for termination of A.B.'s and J.M.'s parental rights. The Department was appointed temporary managing conservator of the children, and A.B. and J.M. were appointed temporary possessory conservators with limited rights and duties.

At the conclusion of the trial on the merits, the jury found that the parent-child relationship between A.B., B.M., and J.M.1 should be terminated, and that the parent-child relationship between J.M., B.M., and J.M.1 should be terminated. Thus, the trial court found, by clear and convincing evidence, that A.B. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D), (E), (M), and (O) of Texas Family Code Section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between A.B., B.M., and J.M.1 is in the children's best interest. Based on these

---

[1] The father and the younger child have the same initials. We will refer to the younger child as "J.M.1."

findings, the trial court ordered that the parent-child relationship between A.B., B.M., and J.M.1 be terminated.

Further, the trial court found, by clear and convincing evidence, that J.M. engaged in one or more of the acts or omissions necessary to support termination of his parental rights under subsections (D), (E), and (O) of Texas Family Code Section 161.001(b)(1).  The trial court also found that termination of the parent-child relationship between J.M., B.M., and J.M.1 is in the children's best interest.  Based on these findings, the trial court ordered that the parent-child relationship between J.M., B.M., and J.M.1 be terminated.  This appeal followed.

## ADVERSARY HEARING

As part of A.B.'s second issue, she argues that the trial court's failure to hold an adversary hearing until ten months after the children were removed violated her rights to procedural and substantive due process.  In J.M.'s third issue, he argues that the adversary hearing was unduly delayed, that the delay unfairly prejudiced the parents in their attempts to have the children returned, and that the general rule of mandamus should not apply.[2]

Within fourteen days after the Department takes possession of a child, the trial court must hold a full adversary hearing.  *See* TEX. FAM. CODE ANN. § 262.201(a) (West Supp. 2017); *In re E.C.R.*, 402 S.W.3d 239, 247 (Tex. 2013).  At the conclusion of the hearing, the trial court shall order the return of the child to the parents unless the court finds sufficient evidence to satisfy a person of ordinary prudence and caution that (1) "there was a danger to the physical health or safety of the child" which was caused by an act of the person entitled to possession and for the child to remain in the home is contrary to the welfare of the child; (2) "the urgent need for protection required the immediate removal of the child and reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to eliminate or prevent the child's removal;" and (3) "reasonable efforts have been made to enable the child to return home, but there is a substantial risk of a continuing danger if the child is returned home."  TEX. FAM. CODE ANN. § 262.201(g).  A trial court's decision to allow the Department to maintain custody of a child following an adversary hearing is reviewable, if at all, through a petition for writ of

---

[2] In the subsection entitled "Issues Presented" in his brief, J.M. argues the evidence is legally and factually insufficient to terminate his parental rights pursuant to Sections (D), (E), and (O) of Texas Family Code Section 161.001(b)(1). However, in the body of his argument, he presents the issue regarding the adversary hearing as his third issue.

mandamus. *See In re J.D.S.*, 494 S.W.3d 387, 389 (Tex. App.—Waco 2015, no pet.); *In re Allen*, 359 S.W.3d 284, 288 (Tex. App.–Texarkana 2012, orig. proceeding) (op. on reh'g). Here, the trial court held an adversary hearing and signed a temporary order following that hearing, finding that it was contrary to the welfare of the children to remain in the parents' home, and that there was a substantial risk of a continuing danger if the children were returned home. There is nothing in the record to indicate that either A.B. or J.M. filed a petition for writ of mandamus challenging this temporary order or the timing of the adversary hearing.

Moreover, it is well-settled that a temporary order is superseded by entry of a final order, rendering moot any complaint about the temporary order. *See In re A.K.*, 487 S.W.3d 679, 683 (Tex. App.–San Antonio 2016, no pet.); *In re J.D.L.*, No. 12-17-00225-CV, 2017 WL 6523183, at *2 (Tex. App.—Tyler Dec. 21, 2017, pet. denied) (mem. op.). In other words, a temporary order which makes findings to support removal under Texas Family Code Section 262.201(g) is superseded by the entry of a final order of termination. *See In re Z.R.M.*, No. 04-15-00063-CV, 2015 WL 4116049, at *5–6 n. 5 (Tex. App.–San Antonio July 8, 2015, no pet.) (mem. op.) (complaints about child's removal not proper in context of appeal from final order terminating parental rights); *L.F. v. Dep't of Family and Protective Servs.*, Nos. 01-10-01148-CV, 01-10-01149-CV, 2012 WL 1564547, at *14 (Tex. App.–Houston [1st Dist.] May 3, 2012, pet. denied) (mem. op.) (issue concerning child's emergency removal moot after trial court rendered final order). Because the trial court rendered a final order of termination, A.B.'s and J.M.'s complaints about the adversary hearing and the temporary order resulting from that hearing are moot and not subject to review on appeal. *See In re A.K.*, 487 S.W.3d at 683; *L.F.*, 2012 WL 1564547, at *14. We overrule that portion of A.B.'s second issue, and J.M.'s third issue, regarding the adversary hearing.

### TERMINATION OF PARENTAL RIGHTS

Involuntary termination of parental rights embodies fundamental constitutional rights. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.–Austin 2000), *pet. denied per curiam*, 53 S.W.3d 684 (Tex. 2001); *In re J.J.*, 911 S.W.2d 437, 439 (Tex. App.–Texarkana 1995, writ denied). Because a termination action "permanently sunders" the bonds between a parent and child, the proceedings must be strictly scrutinized. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.–El Paso 1998, no pet.).

Section 161.001 of the family code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2017); *In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.–Waco 1999, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the second subsection of the statute. TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2017); *Green v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 219 (Tex. App.–El Paso 2000, no pet.); *In re J.M.T.*, 39 S.W.3d at 237. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2017); *In re J.M.T.*, 39 S.W.3d at 237. Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; *Wiley*, 543 S.W.2d at 351; *In re J.M.T.*, 39 S.W.3d at 237.

The clear and convincing standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; *In re J.J.*, 911 S.W.2d at 439. Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014). The burden of proof is upon the party seeking the deprivation of parental rights. *In re J.M.T.*, 39 S.W.3d at 240.

## TERMINATION OF MOTHER'S PARENTAL RIGHTS

As part of her second issue, A.B. argues that termination of her parental rights pursuant to subsection (M) of Texas Family Code Section 161.001(b)(1) was unconstitutional because she was not allowed a prompt and meaningful ability to challenge the Department's removal of her children. Thus, she contends, she was subjected to having her parental rights terminated solely on past conduct. The court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent had her parent-child relationship terminated with respect to another child based on a finding that the parent's conduct was in violation of Section 161.001(b)(1)(D) or (E). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(M) (West Supp. 2017).

The record shows that A.B.'s fourth child tested positive for methamphetamine at birth, and that her parental rights to that child were terminated. During A.B.'s testimony, a certified copy of a decree of termination filed in the 304th District Court of Dallas County, Texas, and signed by the trial court on July 19, 2012, was offered and admitted into evidence without

objection. The decree of termination showed that the district court found that A.B. engaged in one or more of the acts or omissions necessary to support termination of her parental rights to her fourth child under subsections (D) and (E) of Texas Family Code Section 161.001(b)(1), and that termination of the parent-child relationship between A.B. and her fourth child was in the child's best interest. Thus, the district court ordered that the parent-child relationship between A.B. and her fourth child be terminated. This evidence thus constitutes undisputed conclusive evidence of a violation of section 161.001(b)(1)(M). *See Harris v. Tex. Dep't of Family and Protective Svcs.*, 228 S.W.3d 819, 835 (Tex. App.—Austin 2007, no pet.).

A.B. argues that by not allowing her a prompt and meaningful ability to challenge the Department's removal of her children, her parental rights have been terminated solely on past conduct. However, as noted above, we have already determined that A.B.'s complaints about the adversary hearing and the temporary order resulting from that hearing are moot and not subject to review on appeal. *See In re A.K.*, 487 S.W.3d at 683; *L.F.*, 2012 WL 1564547, at *14. It is well established, moreover, that when a prior decree of termination as to another child is properly admitted into evidence, the Department need not reestablish that the parent's conduct with respect to that child was in violation of Section 161.001(b)(1)(D) or (E). *In re J.M.M*, 80 S.W.3d 232, 243 (Tex. App.—Fort Worth 2002, pet. denied), *disapproved on other grounds*, *In re J.F.C*, 96 S.W.3d 256, 267 & n.39 (Tex. 2002). The Department need only show that the parent's rights were terminated as to another child based on findings that the parent violated subsections (D) and (E). *See id.*; TEX. FAM. CODE ANN. § 161.001(b)(1)(M).

As a matter of law, A.B.'s parental rights to her fourth child were terminated based on findings in the termination decree that she violated Section 161.001(b)(1)(D) and (E) of the Texas Family Code. Therefore, we hold that the evidence is legally and factually sufficient to support termination of A.B.'s parental rights to B.M. and J.M.1 under Section 161.001(b)(1)(M). Accordingly, we overrule that portion of A.B.'s second issue.[3]

---

[3] Because we conclude that the evidence is legally and factually sufficient to support termination of A.B.'s parental rights under subsection (b)(1)(M), we need not address A.B.'s first and third issues regarding subsections (b)(1)(D), (b)(1)(E), or (b)(1)(O). *See* TEX. FAM. CODE ANN § 161.001(b)(1); TEX. R. APP. P. 47.1. A.B. does not dispute the trial court's finding that termination was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

## TERMINATION OF FATHER'S PARENTAL RIGHTS

In his first, second, and third issues, J.M. argues the evidence is legally and factually insufficient to terminate his parental rights pursuant to subsections (D), (E), and (O) of Texas Family Code Section 161.001(b)(1). A finding of only one ground for termination alleged under Section 161.001(b)(1) is sufficient to support a judgment of termination. *In re E.M.N.*, 221 S.W.3d 815, 821 (Tex. App.–Fort Worth 2007, no pet.). Thus, to be successful on appeal, J.M. must establish that the jury's findings on all the Department's pleaded grounds are unsupported by the evidence. *See Fletcher v. Dep't of Family & Protective Servs.*, 277 S.W.3d 58, 64 (Tex. App.– Houston [1st Dist.] 2009, no pet.). When a parent does not challenge an independent ground that may support an order of termination, and the jury found that termination was in the child's best interest, we cannot address any of the grounds for termination. *See In re A.V.*, 113 S.W.3d 355, 362-63 (Tex. 2003); *Fletcher*, 277 S.W.3d at 64. Instead, we must overrule the challenges the parent has chosen to assert. *See In re A.V.*, 113 S.W.3d at 362-63; *Fletcher*, 277 S.W.3d at 64.

J.M. contends in his statement of issues that the evidence does not support termination of his parental rights under subsections (1)(D) (endangerment by conditions or surroundings), (1)(E) (endangerment by conduct), or (1)(O) (failure to comply with a court-ordered service plan), of Texas Family Code Section 161.001(b)(1). However, in the body of his brief, J.M. fails to challenge the jury's findings on the grounds for termination alleged under subsection (1)(E) (endangerment by conduct). Instead, his entire argument regarding the "[d]anger to the [c]hild" only includes an argument regarding subsection (1)(D) (endangerment by conditions or surroundings). Specifically, he states that there was "no evidence in the record that the parents placed or allowed the children to remain in danger with their babysitter or with anyone else period." His brief does not contain any argument or discussion of subsection (1)(E) (endangerment by conduct). Because J.M. does not challenge every ground upon which the jury could have based its decision to terminate his parental rights, we do not address the unchallenged findings or the grounds he chose to challenge in his brief. *See In re A.V.*, 113 S.W.3d at 362-63; *Fletcher*, 277 S.W.3d at 64. Accordingly, we overrule J.M.'s first, second, and third issues.[4]

---

[4] J.M. does not dispute the trial court's finding that termination was in the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

## DISPOSITION

Having overruled A.B.'s second issue, and J.M.'s first, second, and third issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 3, 2018**

**NO. 12-18-00094-CV**

**IN THE INTEREST OF B.M., AND J.M., CHILDREN**

Appeal from the County Court at Law No. 2
of Henderson County, Texas (Tr.Ct.No. FAM17-0411-CC2)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*