# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00245-CV

---

**R. J. R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY**
**NO. C190138CPS, THE HONORABLE GARY L. BANKS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant R.J.R. (Mother) appeals from the trial court's order of termination.[1] Following a bench trial, the trial court terminated Mother's parental rights to her child, A.E.R. (Child), and appointed the Texas Department of Family and Protective Services as Child's permanent managing conservator. For the following reasons, we affirm the trial court's order of termination.

## BACKGROUND

In November 2019, the Department filed an original and first amended petition for protection of a child, conservatorship, and termination in suit affecting the parent-child relationship with accompanying affidavits. In the amended petition, the Department requested

---

[1] We refer to R.J.R. and her child by their initials or respectively as Mother and Child. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8. The father's parental rights also were terminated in the trial court's order, but he is not a party to this appeal.

emergency orders to be named Child's temporary managing conservator. In the accompanying affidavit, the caseworker averred that Mother had "extensive history" with the Department, including having her parental rights terminated to three older children, and a "long extensive history of drug use"; that Mother tested positive for methamphetamine, amphetamine, and marijuana when admitted to the hospital to give birth to Child; that Child tested positive for methamphetamine at delivery; and that Child was diagnosed with a "Submucous Cleft Palate" causing "severe feeding aversion." The caseworker stated that the Department was concerned for Child's safety because of Mother's alleged inability to accept and recognize the severity of Child's medical needs and to care for Child "while seeking treatment for [Mother's] drug addiction." The trial court signed an order for protection of Child, who was approximately two months old and had been hospitalized from birth, and Child was placed in foster care upon discharge from the hospital.

At a full adversary hearing in November 2019, Mother appeared with retained counsel and agreed to the temporary orders that appointed the Department as the temporary managing conservator of Child. *See* Tex. Fam. Code § 262.201(g) (addressing required findings not to return child to parent). In the temporary orders, the trial court found that it was contrary to Child's welfare to remain in Mother's home and that "the urgent need for protection required the immediate removal of [Child]." Mother was living with her mother (Grandmother) at the time. During the pendency of the case, Mother moved out of Grandmother's home and identified Grandmother as a potential placement for Child, *see id.* §§ 261.307(a)(2) (requiring Department to instruct parent to identify individuals who could be relative caregivers), 262.114 (addressing required evaluation of identified relatives), but the Department did not approve Grandmother's home study.

2

The case was extended for six months prior to its dismissal date, and the bench trial occurred in April 2021. Mother was not present when the trial began, and her attorney orally requested a continuance "because of the lack of contact with [Mother] and the ability to prepare for today." After taking judicial notice that Mother had notice of the trial setting and that the dismissal date already had been extended, the trial court denied the motion. Shortly after the testimony began, Mother appeared for trial and raised complaints about her retained attorney. After the trial court asked Mother if she was requesting that her attorney withdraw, she stated that she "[did not] know what to do." Her attorney then asked for an opportunity to confer with Mother about "what the effects are of [his] withdrawal from the case." At that point, the trial court recessed the trial for a few days to give Mother the opportunity to confer with her attorney. When the trial resumed a few days later, retained counsel continued to represent Mother.

The Department's witnesses at trial were Mother and two caseworkers, and Grandmother testified on Mother's behalf. The evidence showed that Mother and Grandmother "came and visited [Child] basically every day" at the hospital until shortly before Child's discharge but that the hospital was concerned with Mother's ability to care for Child because of Child's medical needs. The evidence also showed that Mother had used methamphetamine when she was pregnant and gave birth to Child, tested positive for methamphetamine and missed drug tests during the pendency of the case, tested positive for methamphetamine when she gave birth to another child during the pendency of the case, and continued to have drug addiction problems at the time of the bench trial.

Following the bench trial, the trial court entered its order of termination. The trial court found by clear and convincing evidence that termination was in the best interest of Child, *see* Tex. Fam. Code § 161.001(b)(2); found that statutory grounds existed for termination of the

3

parent-child relationship, *see id.* § 161.001(b)(1)(D), (E), (O), (P); and appointed the Department as Child's permanent managing conservator. The trial court also entered findings of fact and conclusions of law. This appeal followed.

## ANALYSIS

Mother raises four points of error on appeal. She argues that the trial court erred by: (i) failing to grant her motion for continuance to allow the Department to place Child with a relative; (ii) finding that the appointment of the Department as permanent managing conservator was in Child's best interest; and (iii) failing to make a finding that all reasonable efforts were made to prevent or eliminate the need for removal and that the Department had properly attempted to place Child with a family member. *See id.* § 262.201(e) (requiring Department to place child who is removed from custodial parent with relative unless placement with relative is not in child's best interest). She also argues that the evidence was legally and factually insufficient to support findings that all reasonable efforts were made to prevent or eliminate the need for removal and that the Department had properly attempted to place Child with a family member.

*Motion for Continuance*

In her first point of error, Mother challenges the trial court's denial of her motion for continuance, which we review for abuse of discretion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) ("The granting or denial of a motion for continuance is within the trial court's sound discretion.").

A motion for continuance may not be granted except for sufficient cause supported by affidavit, by the parties' consent, or by operation of law. *See* Tex. R. Civ. P. 251.

4

When a motion for continuance does not comply with rule 251, "reviewing courts generally presume that the trial court did not abuse its discretion in denying the motion." *Sheen v. Sheen*, No. 03-18-00358-CV, 2019 Tex. App. LEXIS 5174, at *5 (Tex. App.—Austin June 21, 2019, no pet.) (mem. op.) (citing *Villegas*, 711 S.W.2d at 626).

Mother's motion for continuance was not in writing, and the record reflects that the Department opposed the motion. *See id.* at *5–6 (presuming district court did not abuse its discretion in denying oral motion for continuance that was unsupported by affidavit and where record did not reflect agreement to continue case or argument that continuance should be granted by operation of law); *see also In re Harrison*, 557 S.W.3d 99, 118 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Mother's motion for continuance also was not sought for the reason Mother raises on appeal—to place Child with a relative[2]—but "because of [her attorney's] lack of contact with [Mother] and the ability to prepare for [trial]." *See* Tex. R. App. P. 33.1(a) (addressing requirements for preserving complaints for appellate review). And the trial court recessed the trial after Mother appeared and provided her with additional time to confer with her attorney. The case also had already been extended from its one-year dismissal date, and the extended dismissal date was within a few weeks of the trial setting. *See* Tex. Fam. Code § 263.401(b) (allowing extension that does not exceed 180 days from one-year dismissal date).

On this record, we conclude that the trial court did not abuse its discretion when it denied Mother's motion for continuance.

---

[2] On appeal, Mother requests in the alternative that this Court rule that the trial court should have granted Mother's motion for continuance to allow the Department to place Child with Grandmother on a monitored return.

*Removal*

As part of her third and fourth points of error, Mother complains about the Department's alleged failure to make all reasonable efforts to prevent or eliminate the need for removal of Child from her care. Mother, however, agreed to the temporary orders that contain the required findings for removal. *See Melton v. Texas Dep't of Family & Protective Servs.*, No. 03-08-00168-CV, 2010 Tex. App. LEXIS 1352, at *32 (Tex. App.—Austin Feb. 25, 2010, no pet.) (mem. op.) (holding in termination appeal that father did not preserve complaints about interim rulings related to Department's initial temporary custody of child because father did not object to trial court's "alleged failings"). And even if she had not agreed to those orders, her challenge to Child's removal is moot in the context of this appeal. *See In re J.D.S.*, 494 S.W.3d 387, 389–90 (Tex. App.—Waco 2015, no pet.) (explaining that trial court's decision to allow Department to maintain custody of child following full adversary hearing is reviewable, if at all, through petition for writ of mandamus and that temporary order making findings to support removal is superseded by entry of final order of termination); *In re D.W.*, Nos. 01-13-00880-CV, 01-13-00883-CV, 01-13-00884-CV, 2014 Tex. App. LEXIS 4034, at *7 (Tex. App.—Houston [1st Dist.] Apr. 11, 2014, no pet.) (mem. op.) (dismissing issue related to temporary orders as moot because trial court had rendered final decree); *L.F. v. Department of Family & Protective Servs.*, Nos. 01-10-01148-CV, 01-10-01149-CV, 2012 Tex. App. LEXIS 3481, at *37–38 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. denied) (mem. op.) (concluding that complaints concerning child's emergency removal were moot because trial court had entered final order). Thus, we do not address the substance of Mother's complaints about Child's removal.

6

*Conservatorship*

Mother's remaining complaints in her points of error and her requested relief on appeal concerning those complaints are directed to the trial court's findings on conservatorship. Mother requests that this Court reverse the trial court's finding that appointment of the Department was in Child's best interest and complains about its refusal to appoint Grandmother as Child's managing conservator. As support, Mother contends that naming Grandmother, not the Department, as managing conservator was in Child's best interest and relies on the "continuing nature" of the Department's obligations to attempt to identify a relative who could provide Child with a safe environment. *See, e.g.*, Tex. Fam. Code §§ 262.114 (requiring Department to evaluate identified relatives and other designated individuals for placement of child), .201(n) (in context of full adversary hearing, requiring court to place child with relative if placement with parent is inappropriate unless court finds that placement with relative is not in child's best interest), 263.306(a-1)(2)(B) (requiring court to review Department's efforts to locate identified relative).

Mother, however, does not challenge the trial court's findings that support terminating her parental rights to Child. In this context, Mother is bound by those findings and, thus, has no legal rights with respect to Child. *See id.* § 161.206(b) (stating generally that "an order terminating the parent-child relationship divests the parent and the child of all legal rights and duties with respect to each other"). Having no legal rights with respect to Child, Mother lacks standing to challenge the portion of the termination order appointing the Department as permanent managing conservator. *See In re Y.V.*, No. 02-12-00514-CV, 2013 Tex. App. LEXIS 7291, at *3–4 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op.) (concluding that because father did not appeal and was bound by portion of trial court's order terminating his

7

parental rights, he lacked standing to challenge portion of termination order appointing Department as permanent managing conservator); *see also A.P. v. Texas Dep't of Family & Protective Servs.*, Nos. 03-18-00780-CV, 03-18-00781-CV, 2019 Tex. App. LEXIS 2268, at *2–4 (Tex. App.—Austin Mar. 26, 2019, no pet.) (mem. op.) (concluding in context of parents' appeal from judgment terminating their parental rights, that parents lacked standing to challenge trial court's striking of grandmother's petition in intervention and collecting cases in which court concluded that appealing party lacked standing to complain of errors that did not injuriously affect them or that affected rights of others).

## CONCLUSION

For these reasons, we overrule Mother's points of error and affirm the trial court's order of termination.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: October 13, 2021

8