**Opinion filed March 20, 2025**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-24-00265-CV

_____

## IN THE INTEREST OF R.N., A CHILD

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV2401004**

### M E M O R A N D U M   O P I N I O N

Because this is an attempt to appeal from temporary orders entered in a suit affecting the parent-child relationship (SAPCR), we dismiss for want of jurisdiction.

In the underlying SAPCR, the Texas Department of Family and Protective Services (the Department) was granted temporary managing conservatorship of the infant child, R.N.,[1] after the child's continued "failure to thrive" in the mother's and father's care. On January 25, 2024, the parties appeared for a full adversary hearing before the associate judge, who found that: (1) there was a danger to the physical health or safety of R.N. caused by the parents' acts or failures to act, and remaining

---

[1]We use initials to refer to the child. _See_ TEX. R. APP. P. 9.8(b).

in the home would be contrary to R.N.'s welfare; (2) the Department made reasonable efforts to eliminate or prevent R.N.'s removal, but immediate removal was required for the child's protection; and (3) reasonable efforts were made to enable R.N.'s return to the home, but there was a substantial risk of a continuing danger if she were returned. *See* TEX. FAM. CODE ANN. § 262.201(g)(1)–(3) (West Supp. 2024). After a permanency hearing on August 29, 2024, the associate judge issued an order containing findings that the Department made reasonable efforts to return the child to the parents' home, but there was a continuing danger to the physical health or safety of the child such that returning her to the parents' home would be contrary to her welfare. *See* FAM. § 263.002(c). Following a de novo permanency hearing before the trial court on September 30, the trial court denied the father's request to change the associate judge's ruling. *See id*. § 201.012 (West 2020) (right to a de novo hearing before the referring court), § 201.015 (request and procedure for de novo hearing). The father filed a notice of appeal.

It is well established that temporary orders in a SAPCR cannot be challenged on appeal. *See* FAM. § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."); *see, e.g.*, *In re E.C.R.*, 402 S.W.3d 239, 248–49 & n.8 (Tex. 2013) (citing *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (holding that mandamus relief was appropriate because trial court's temporary orders were not subject to interlocutory appeal)); *In re K.B.*, 683 S.W.3d 850, 855 (Tex. App.—Austin 2024, orig. proceeding). A trial court's decision to allow the Department to maintain custody of a child following an adversary hearing is reviewable, if at all, through a petition for writ of mandamus. *In re J.D.S.*, 494 S.W.3d 387, 389 (Tex. App.—Waco 2015, no pet.) (citing *In re Tex. Dep't of Family & Protective Servs.*, 255 S.W.3d 613, 614 (Tex. 2008)). A trial court's written orders issued after a full adversary hearing, status hearings, and permanency hearings in a Department-initiated proceeding are temporary orders not

subject to interlocutory appeal. *See generally* FAM. § 105.001(e), § 262.201(h), 263.002(c), § 263.202, § 263.306.

The father and the Department filed briefs in this cause. According to the father's notice of appeal, he is attempting to appeal the trial court's limited de novo review of the associate judge's findings following the August 29 permanency hearing. Yet the father's brief only addresses the associate judge's findings made pursuant to Section 262.201(g)(3) of the Family Code, the provision applicable to the full adversary hearing that was held on January 25 in this case. Regardless of which order the father is attempting to appeal, the result is the same: we do not have jurisdiction to review either temporary order.

By letter dated March 6, 2025, the Clerk of this Court notified the father that this appeal was subject to dismissal because it appeared no final, appealable judgment or order had been signed by the trial court. *See* TEX. R. APP. P. 42.3, 44.3. In the same letter, the father was advised that this appeal would be dismissed unless a response was filed showing grounds to continue the appeal. The father filed a response stating only that he "accepts the ruling of the court" rather than showing grounds to continue this appeal.

Accordingly, this appeal is dismissed.

JOHN M. BAILEY
CHIEF JUSTICE

March 20, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.